# MALONE, AULT & FARELL

Attorneys At Law
7654 W. BANCROFT STREET
TOLEDO, OHIO 43617-1604

Richard R. Malone
Tim A. Ault
Gregory C. Farell
Bradley R. Waugh*
Milton E. Pommeranz*

Paul T. Belazis, Of Counsel**

\* also licensed to practice in Michigan
\** also licensed to practice in New York

Telephone 419 843-1333
Fax 419 843-3888
Email belazis@maf-law.com

February 3, 2022

Jason J. Blake
Califee, Halter & Griswold LLP
1200 Huntington Center
41 South High Street
Columbus, Ohio 43215

    *Re: Firexo, Inc. v. Firexo Group Limited*

Dear Jake:

    Thank you for your letter of January 21, 2022. We have carefully reviewed and considered your client's position. Your arguments, however, are predicated on a number of fallacies. They are as follows.

### Firexo, Inc. Is Not A Party To The Shareholder Agreement

    First, your arguments incorrectly presume that Firexo, Inc is a party to the Shareholder's Agreement dated August 3, 2019, which you refer to as the Joint Venture Agreement (JVA). I will use the same reference ("JVA") in order to avoid confusion. The JVA specifies that there are only two parties to the Agreement: Firexo Group Limited (FGL) and Scot Smith. Firexo Inc was not a party at the time of the JVA's execution and is not now a party to that agreement. In addition, at the time of the JVA's execution, Firexo Inc was a preexisting corporate entity whose sole shareholder was David Breith. Mr. Breith incorporated Firexo Inc. in Florida on March 30, 2018, a year before Mr. Smith began discussions about a potential investment in the company. Regardless of whether the laws of the U.K. or the U.S. are applied, a forum selection provision does not bind a separate corporate entity that was not a party to the JVA.

**Firexo Inc.'s Claims are Not Based On Breach of the JVA**

Second, your argument incorrectly presumes that our complaint alleges a breach of the JVA.  It does not.  The allegations of the complaint are based on a subsequently established exclusive distributorship agreement ("Agreement") between Firexo Inc and FGL that was fraudulently induced by the false and misleading representations of FGL through its corporate representatives.  The Agreement between Firexo Inc. and FGL establishing Firexo Inc.'s exclusive right to sell FGL fire extinguishers in the United States arose after the JVA was executed and after Mr. Smith invested in the joint venture. The claims that are the basis for Firexo Inc's complaint are predicated on a sequence of events that occurred after the JVA had been executed and after Mr. Smith had become a majority shareholder and director of Firexo Inc.  In addition, the JVA makes clear that its terms may be enforced only by those who are parties to the agreement. JVA, ¶ 30.1.

**The Exclusive Distributorship Agreement Between FGL and Firexo Inc was Induced by False and Misleading Representations**

Third, after Mr. Smith became a majority shareholder in Firexo Inc, FGL, through its officers and directors, made ongoing false and misleading representations aimed at inducing the establishment and pursuit of an exclusive distributorship arrangement, which included establishing distributor and retail relationships throughout the United States, and purchasing FGL extinguishers for distribution and sale through those relationships.   FGL's false representations took the form, among others, of

- false representations and failure to disclose critical information regarding the design and safety of the fire extinguishing equipment that it manufactured;
- false and subsequently retracted written and verbal representations regarding the non-toxic, biodegradable and environmentally friendly nature of all of its fire extinguishing products;
- false representations related to existing European safety certification of its extinguishers;
- false representations regarding the imminent UL certification of its fire extinguishing products in the United States; and
- false and misleading representations related to the existence of an engineering capacity capable of following through with and timely securing these certifications.

These false and/or misleading representations were made to Mr. Smith in his capacity as a Director of Firexo Inc. and to other Firexo representatives within the Firexo Inc organization.  Firexo Inc, in turn, relied on these representations to its detriment.  Thus, Firexo's claims of fraudulent inducement and misrepresentation arise from duties independent of any contractual relationship.

It is also noteworthy that the foregoing misrepresentations were not made only to Firexo, Inc.   Firexo Inc's European counterpart (Firexo Nordic) faced similar false and misleading

representation, as confirmed by Nordic's attached April 2021 communication to FGL. In addition, when Nordic subsequently stated an intent to secure independent confirmation of the chemical constituents in FGL's products, it received a cease-and-desist order from FGL. FGL likewise has refused to provide Firexo Inc. with any verification of its original representations or to make any of its engineering consultants available to respond to questions or concerns about their veracity.

In sum, the actionable conduct by FGL, as alleged in our complaint, occurred after the execution of the JVA and after Mr. Smith became a shareholder, director, and corporate representative of Firexo Inc. The claims asserted in this litigation are solely between Firexo Inc and FGL. They include, in addition to breach of contract, claims for misrepresentation and fraudulent inducement between different parties.

. **The Economic Loss Rule Does Not Apply To**
**Fraudulent Inducement or Misrepresentation Claims**

Your assertion that our fraud claims are barred by the economic loss rule is incorrect. The economic loss rule does not apply to claims of fraudulent inducement or misrepresentation. *See, e.g. Onyx Environmental Services, LLC v. Maison*, 407 F. Supp.2d 874, 879 (N.D. Ohio 2005); *MRI Software, LLC. v. Pacific Capital Mgt,* Case No. 1:15cv 1268 (N.D. Ohio 2016), 2016 W.L. 1436067 at *3; *HDM Flugservice v.GmbH v. Parker Hannifin Corp*, 332 F.3d 1025, 1032 (6th Cir. 2003) (economic loss rule does not apply to claims of misrepresentation); *Marine Direct v. Dougherty Marine, Inc.,* No. 2:06-CV-100, 2007 WL 81842, at *1–2 (S.D. Ohio Jan. 8, 2007); *Windsor Medical Center v. Time Warner Cable,* 167 N.E.3d 23 (5th App. Dist. 2021); *See, also, Llewellyn-Jones v. Metro Property Group, LLC,* 22 F. Supp.3d 760, 778-780 (E.D. Mich. 2014) (citing *Onyx).* In addition, the damages that Firexo, Inc. is seeking here in connection with its fraudulent inducement and misrepresentation claims include damage to reputation. Complaint, ¶'s 59-62. The economic loss rule does not apply to damages for this form of loss. *Skurka Aerospace v. Eaton Aerospace,* 2011 W.L. 1134591 (N.D. Ohio 2011) at *2; Myvitanet v. Kowalski*, 2008 W.L. 2977889 (S.D. Ohio 2008) at *8; *Ferro Corp v. Blaw Knox Food & Chemical Equip Co*, 121 Ohio App.3d 434 (8th App. Dist 1997) at *6.

Although your letter appears to lump all of Firexo Inc's claims together, we presume that you are not asserting that the breach of contract claims (including a breach predicated on the duty of good faith and fair dealing), are barred by the economic loss rule. Similarly, you have offered no other substantive ground for dismissal of the breach of contract claims.

**Firexo, Inc. Is Not a Party to the UK Proceeding And,**
**In Any Event, The Claims Asserted In Those Proceedings**
**Are Not The Same As Those Asserted Here**

Your assertion that the pendency of the UK proceeding serves as a basis for stay or dismissal of the claims asserted by Firexo Inc. in the current federal proceeding has no legal or factual basis. First and foremost, the UK proceeding was initiated by FGL against Scot Smith. Firexo Inc. is not a party to the U.K. proceeding. Had FGL believed that Firexo Inc was a necessary party, it had a full opportunity to join Firexo Inc. in that proceeding. Not only did it

fail to do so but FGL has now dismissed all of the claims related to the JVA that it had initiated in the U.K. court.

In addition, your assertion that the claims and defences in the U.K. proceeding address the "Product Issues" asserted in the current federal proceeding is incorrect. FGL initiated the claims against Mr. Smith, individually, seeking a determination of the proper allocation of stock in FGL referenced by the JVA should FGL undertake an initial public offering (IPO) of its stock. FGL subsequently discontinued all of its claims, including those against Mr. Smith, after the U.K. court determined there were issues of fact that precluded summary disposition on behalf of FGL. Although your letter references Mr. Smith's "defence" to FGL's claims, since those claims have now been discontinued there is likewise no pending "defence" in the U.K. court.

Third, you are correct that Mr. Smith asserted counterclaims against FGL in the U.K. proceeding. Furthermore, those claims remain pending; however, as noted above, they relate to entirely different issues and do not implicate the claims advanced in the currently pending federal proceeding. The counterclaim asserted by Mr. Smith in the U.K. proceeding seeks a determination related to the proper allocation of stock in FGL referenced by the JVA should the FGL undertake an initial public offering (IPO) of its stock. The disputed basis for the determination of stock allocation is set forth in the counterclaim. Furthermore, the counterclaim explicitly states that the relief sought by Mr. Smith in his counterclaim is limited to a determination of the proper formula for this allocation of stock in connection with the IPO. In fact, the counterclaim states that relief related to the "Product Issues" is not sought in the U.K. proceeding because:

> The Product Issues also involve other parties in a number of foreign jurisdictions (including but not limited to Firexo Inc and Rafax) who are not presently before the Court. The Product Issues are likely to be better determined in a future action before an appropriate court (in whatever jurisdiction), at which all relevant parties may be properly represented.

In sum, Firexo Inc. is not a party to the U.K. proceeding, the claims asserted by Mr. Smith in that proceeding are limited to a determination of the correct formulation for allocation of stock ownership in the event of an IPO, and the counterclaim asserted by Mr. Smith in the U.K. proceeding expressly excludes any claim related to the "Product Issues."

We hope the forgoing is helpful and look forward to discussing your arguments and our response further.

                                                 Sincerely yours,

                                                 /s/ Paul T. Belazis

                                                 Paul T. Belazis