UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO,
WESTERN DIVISION

| | | |
|---|---|---|
| Firexo, Inc. | ) | Case No.: 3:21-CV-02336 |
| | ) | |
| Plaintiff, | ) | Judge Jack Zouhary |
| | ) | |
| vs. | ) | |
| | ) | |
| Firexo Group Limited, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Firexo Group Limited ("FGL"), for its Answer to the First Amended

Complaint of Plaintiff Firexo, Inc. ("Plaintiff"), states as follows:

**PARTIES**

1.      FGL denies the allegations in Paragraph 1 for lack of knowledge or information.

2.      FGL denies the allegations in Paragraph 2 for lack of knowledge or information.

3.      FGL admits that Plaintiff is in the business of selling fire extinguishers and fire

extinguishing products. FGL denies that it entered into a sole distributorship agreement with

Plaintiff. FGL entered into a Shareholder's Agreement with non-party Scot Smith ("Smith") in

August 2019 (the "JVA"). The JVA memorialized FGL and Smith's agreement to form and

jointly own a new joint venture company (the "JVC"). The business of the JVC was to sell and

distribute FGL's fire extinguishing products within the United States. The JVC could only be

amended in a writing signed by both parties. FGL denies the remaining allegations in Paragraph

3 of the Amended Complaint.

4.      FGL admits that Firexo had the sole right to sell and/or distributor for sale in the United States FGL's products under the JVA until the JVA's termination in December 2021. FGL denies the remaining allegations in Paragraph 4 of the Amended Complaint.

5.      FGL admits that it entered the JVA with Plaintiff, whose principal place of business is alleged to be Port Clinton, Ottawa County, Ohio. FGL denies the remaining allegations in Paragraph 5.

6.      FGL denies the allegations in Paragraph 6. FGL's principal place of business is Tetsworth, Oxfordshire, United Kingdom.

7.      FGL admits that it manufactures fire extinguishers and fire extinguishing products and that these products are sometimes sold in the United States. The only agreement relating to the distribution of FGL fire extinguishers and fire extinguishing products in the United States is the JVA, which was terminated in December 2021. FGL denies the remaining allegations in Paragraph 7 of the Amended Complaint.

## STATEMENT OF FACTS

8.      FGL denies the allegations in Paragraph 8 of the Amended Complaint. The only agreement relating to the distribution of FGL fire extinguishers and fire extinguishing products in the United States is the JVA, which was terminated in December 2021.

9.      FGL denies the allegations in Paragraph 9 of the Amended Complaint. FGL did not enter into a sole distributorship agreement with Firexo. The only agreement relating to the distribution of FGL fire extinguishers and fire extinguishing products in the United States is the JVA, which was terminated in December 2021.

10.     FGL denies the allegations in Paragraph 10 of the Amended Complaint.

11.     FGL denies the allegations in Paragraph 11 of the Amended Complaint for lack of knowledge or information.

12.     FGL denies the allegations in Paragraph 12 of the Amended Complaint for lack of knowledge or information. FGL further denies these allegations because they are a legal conclusion, for which no admission or denial is required.

13.     FGL denies the allegations in Paragraph 13 of the Amended Complaint for lack of knowledge or information.

14.     FGL denies the allegations in Paragraph 14 of the Amended Complaint for lack of knowledge or information. FGL further denies these allegations because they are a legal conclusion, for which no admission or denial is required.

15.     FGL denies the allegations in Paragraph 15 of the Amended Complaint. FGL did not enter into a separate distributorship agreement with Firexo. The only agreement relating to the distribution of FGL fire extinguishers and fire extinguishing products in the United States is the JVA, which was terminated in December 2021.

16.     FGL denies the allegations in Paragraph 16 of the Amended Complaint for lack of knowledge or information.

17.     FGL admits that in early 2020, pursuant to the JVA, FGL shipped fire extinguishers for distribution and sale in the United States. FGL denies any remaining allegations in Paragraph 17 of the Amended Complaint.

18.     FGL denies the allegations in Paragraph 18 of the Amended Complaint for lack of knowledge or information.

19.     FGL denies the allegations in Paragraph 19 of the Amended Complaint.

4885-3420-3672, v.4

20.     FGL denies the allegations in Paragraph 20 of the Amended Complaint for lack of knowledge or information.

21.     FGL admits that Firexo reported corrosion on less than 10 fire extinguishers in or around October 2020. FGL denies the remaining allegations in Paragraph 21 of the Amended Complaint for lack of knowledge or information.

22.     FGL admits that Firexo provided certain photographs and physical samples of corroded valves to FGL in or around October 2020. FGL denies the remaining allegations in Paragraph 22 of the Amended Complaint.

23.     FGL admits that certain FGL representatives communicated with a Firexo representative regarding Firexo's concerns regarding corrosion on portions of certain fire extinguishers. FGL also admits that the fire extinguishers were assessed by an independent laboratory as requested by Firexo. FGL denies the remaining allegations in Paragraph 23 of the Amended Complaint.

24.     FGL denies the allegations in Paragraph 24 of the Amended Complaint.

25.     FGL denies the allegations in Paragraph 25 of the Amended Complaint.

26.     FGL denies the allegations in Paragraph 26 of the Amended Complaint.

27.     FGL denies the allegations in Paragraph 27 of the Amended Complaint for lack of knowledge or information.

28.     FGL denies the allegations in Paragraph 28 of the Amended Complaint.

29.     FGL denies the allegations in Paragraph 29 of the Amended Complaint.

30.     FGL denies the allegations in Paragraph 30 of the Amended Complaint for lack of knowledge or information.

31.     FGL denies the allegations in Paragraph 31 of the Amended Complaint for lack of knowledge or information.

32.     FGL denies the allegations in Paragraph 32 of the Amended Complaint for lack of knowledge or information.

33.     FGL denies that use of its products should have been discontinued. FGL admits that less than 100 fire extinguishers were returned. FGL denies the remaining allegations in Paragraph 33 of the Amended Complaint for lack of knowledge or information.

34.     FGL admits that less than 100 fire extinguishers were returned. FGL denies the remaining allegations in Paragraph 34 of the Amended Complaint.

35.     FGL denies the allegations in Paragraph 35 of the Amended Complaint for lack of knowledge or information.

36.     FGL denies the allegations in Paragraph 36 of the Amended Complaint for lack of knowledge or information.

37.     FGL denies that its products are defective. FGL denies any remaining allegations in Paragraph 37 of the Amended Complaint.

38.     FGL denies the allegations in Paragraph 38 of the Amended Complaint.

39.     FGL denies the allegations in Paragraph 39 of the Amended Complaint.

40.     FGL denies the allegations in Paragraph 40 of the Amended Complaint.

41.     FGL admits that a report was filed with the CPSC and that FGL participated in the filing. FGL denies the remaining allegations in Paragraph 41 of the Amended Complaint for lack of knowledge or information.

42.     FGL denies that is products have a "design flaw" or contain a "defect" as alleged in Paragraph 42 of the Amended Complaint. FGL denies the remaining allegations in Paragraph 42 of the Amended Complaint.

43.     FGL admits that some of the products were returned to FGL. FGL denies the remaining allegations in Paragraph 43 of the Amended Complaint.

44.     FGL admits Plaintiff paid to purchase fire extinguishers for distribution and sale in the United States. FGL denies the remaining allegations in Paragraph 44 of the Amended Complaint.

45.     FGL denies the allegations in Paragraph 45 of the Amended Complaint.

46.     FGL denies Plaintiff is entitled to any reimbursement. FGL denies the remaining allegations in Paragraph 46 of the Amended Complaint.

47.     FGL denies the allegations in Paragraph 47 of the Amended Complaint.

48.     FGL admits that it is no longer willing to supply Plaintiff with any fire extinguishers for sale in the United States. FGL denies that it is under any obligation to continue supplying Plaintiff with such fire extinguishers. FGL denies the remaining allegations in Paragraph 48 of the Amended Complaint.

49.     FGL denies the allegations in Paragraph 49 of the Amended Complaint.

50.     FGL denies the allegations in Paragraph 50 of the Amended Complaint.

51.     FGL denies the allegations in Paragraph 51 of the Amended Complaint.

52.     FGL denies that it was obligated to obtain UL or EN3 certification. FGL denies the remaining allegations in Paragraph 52 of the Amended Complaint.

53.     FGL denies the allegations in Paragraph 53 of the Amended Complaint.

54.     FGL denies the allegations in Paragraph 54 of the Amended Complaint.

55.     FGL denies the allegations in Paragraph 55 of the Amended Complaint.

56.     FGL denies the allegations in Paragraph 56 of the Amended Complaint.

57.     FGL denies the allegations in Paragraph 57 of the Amended Complaint.

58.     FGL denies the allegations in Paragraph 58 of the Amended Complaint.

59.     FGL denies the allegations in Paragraph 59 of the Amended Complaint.

60.     FGL denies the allegations in Paragraph 60 of the Amended Complaint.

61.     FGL denies the allegations in Paragraph 61 of the Amended Complaint.

62.     FGL denies the allegations in Paragraph 62 of the Amended Complaint.

63.     FGL denies the allegations in Paragraph 63 of the Amended Complaint.

## CLAIMS FOR RELIEF

64.     FGL incorporates herein by reference all of the preceding paragraphs.

65.     FGL denies the allegations in Paragraph 65 of the Amended Complaint.

66.     FGL denies the allegations in Paragraph 66 of the Amended Complaint.

67.     FGL denies the allegations in Paragraph 67 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

1.      Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted.

2.      Plaintiff's Amended Complaint is barred because this Court lacks personal jurisdiction over FGL.

3.      Plaintiff's Amended Complaint is barred because it was filed in an improper or inconvenient venue and this case should be dismissed or transferred to a different venue.

4885-3420-3672, v.4

4.      Plaintiff's Amended Complaint is barred because the Courts of England and Wales have exclusive jurisdiction over this dispute and this dispute is governed by United Kingdom law.

5.      The Amended Complaint is barred, in whole or in part, because Plaintiff has failed to join necessary indispensable parties.

6.      The Amended Complaint is barred, in whole or in part, because Plaintiff lacks standing to assert the claims alleged therein.

7.      The Amended Complaint should be dismissed, in whole or in part, because Plaintiff's claims involve issues already raised in litigation pending in the United Kingdom and could result in inconsistent judgments.

8.      The Amended Complaint should be dismissed, in whole or in part, due to improper forum shopping.

9.      The Amended Complaint should be dismissed, in whole or in part, because Firexo's claims infringe upon extraterritoriality principles.

10.      Plaintiff's Amended Complaint is barred, in whole or in part, because Plaintiff breached its agreement, if any, with FGL.

11.      Plaintiff's Amended Complaint is barred by the statute of frauds.

12.      Plaintiff's Amended Complaint is barred under the doctrine of unclean hands.

13.      Plaintiff's Amended Complaint is barred because its damages were caused, in whole or in part, by its own acts or omissions.

14.      Plaintiff's Amended Complaint is barred for failure to perform a condition precedent.

4885-3420-3672, v.4

15.     Plaintiff's Amended Complaint is barred by the doctrines of waiver, estoppel, and laches.

16.     Plaintiff's Amended Complaint is barred by the doctrine of accord and satisfaction.

17.     Plaintiff's Amended Complaint is barred for failure of consideration.

18.     Plaintiff's Amended Complaint is barred due to Defendant's fraudulent conduct.

19.     Defendant reserves the right to assert additional affirmative defenses that become known through discovery in this case.

WHEREFORE, Defendant FGL demands the following:

(A) Judgment in favor of FGL and against Plaintiff on any and all claims in Plaintiff's Amended Complaint;

(B) An award of costs in this action, including reasonable attorney's fees to the extent permitted by applicable law and contract;

(C) Such further relief as the Court finds just and appropriate.

4885-3420-3672, v.4

Respectfully submitted,


/s/ Jason J. Blake
Jason J. Blake                (0087692)
John F. Fisher                (0085455)
Gretchen L. Whaling        (0096780)
CALFEE, HALTER & GRISWOLD LLP
1200 Huntington Center
41 South High Street
Columbus, Ohio 43215
Telephone:  (614) 621-1500
Facsimile:  (614) 621-0010
jblake@calfee.com
gwhaling@calfee.com
jfisher@calfee.com

*Attorneys for Defendant, Firexo Group Limited*


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing document has been filed via the Court's authorized e-filing system on this 31st day of March, 2022 which will provide electronic notification to all parties of record.


/s/ Jason J. Blake
*One of the Attorneys for Defendant Firexo Group Limited*