**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| SCOT SMITH, | ) | CASE NO. 3:21-CV-02266-JZ |
| | ) | |
| Plaintiff, | ) | JUDGE JACK ZOUHARY |
| | ) | |
| v. | ) | |
| | ) | |
| FIREXO GROUP LIMITED, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| FIREXO, INC. | ) | Case No.:  3:21-CV-02336-JZ |
| | ) | |
| Plaintiff, | ) | JUDGE JACK ZOUHARY |
| | ) | |
| vs. | ) | |
| | ) | |
| FIREXO GROUP LIMITED, | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT STATUS REPORT**

Pursuant to Court Order dated March 11, 2022, Plaintiffs Scot Smith ("Smith") and Firexo, Inc. ("Firexo") (collectively, "Plaintiffs") and Defendant Firexo Group Limited ("FGL"), submit the following Joint Status Report. The Parties request a status conference with the Court to discuss these issues.

**A.  Initial Disclosures**

The Parties will exchange initial disclosures in accordance with FRCP 26(a)(1)(A)(i) within fourteen (14) days after any potential Rule 12 motions have been resolved, or on a date set by the Court if no Rule 12 motions will be entertained.

**B.  Stipulations**

1

FGL provided draft stipulations for review by Smith and Firexo on May 31, 2022.  On June 16, 2022, the Parties met and conferred regarding the proposed stipulations. FGL has indicated that the stipulations are intended for use in relation to a Rule 12 motion(s).  While both Plaintiffs are working with FGL to reach agreement regarding matters that are not in dispute, it remains their position that FGL's request for leave to file Rule 12 motions is not warranted and should not be allowed.  Joint Stipulations will be submitted to the Court no later than July 15, 2022.

### C. The Parties' Positions on Proposed Motions

The Parties have discussed filing the following motions:

- Plaintiff Smith's Motion for Leave to file a Second Amended Complaint;
- FGL's Motion to Dismiss Amended Complaint of Firexo;
- FGL's Motion to Dismiss Amended Complaint of Smith (if necessary) and
- FGL's Motion to Transfer or Stay the Ohio Litigation.

FGL opposes any further amendment of the pleadings.  FGL's Motion to Dismiss Smith's Amended Complaint is based on an argument that Smith does not own shares of FGL and did not own any shares at the time this litigation was filed.  Smith disagrees with FGL's position and seeks leave to file a Second Amended Complaint to account for the purported transfer of his FGL shares to a different entity.  Plaintiffs do not believe any motion to dismiss should be permitted or granted and believe that this case is properly venued and should proceed. The Parties wish to discuss these motions further at a Status Conference or through letter briefing to the Court so that the question of whether they will be permitted can be resolved.  The Parties reserve all of their rights regarding the Proposed Motions and Oppositions.

### D. FGL's Counterclaims

The Parties agree that FGL has reserved its rights to file counterclaims and that such counterclaims, if any, should be filed after the Court determines which motions will be filed in this litigation and rules on such motions (if any).

### E. Discovery

While the Plaintiffs would like to pursue discovery at the earliest possible juncture, the Parties agree that discovery should be stayed pending a determination of whether any motions or amendment pleadings will be permitted and, if they are permitted, stayed pending their resolution as discussed above.

### F. The UK Litigation

On June 1, 2022, the Court in the UK Litigation issued an Order which granted summary judgment to Smith on certain of his Counterclaims and struck FGL's Defences relating to the Counterclaims upon which summary judgment was granted. The Parties have differing opinions on the impact of the Order.  A copy of the Order is attached hereto as Exhibit A. A copy of the transcript from the UK High Court's May 20, 2022 hearing will be provided to the Court *in camera*.

#### i.   FGL's interpretation of the UK Litigation Order

Smith's Counterclaims sought a favorable interpretation of the JVA related to the number of FGL shares he would be entitled to if FGL undertook an IPO. FGL did not contest Smith's Counterclaims for one main reason—FGL will never IPO. Smith's entitlement to shares in a hypothetical IPO that will never occur is irrelevant. Additionally, the joint venture agreement was terminated on December 9, 2021. So, any unaccrued rights based on a prospective event occurring post-termination have no import. The holding by the UK Court in favor of Smith's claims on an unopposed basis are ineffective.

What remains at issue in the UK Litigation (and what is expected to be tried in London in late-2023 or early-2024) are Smith's damages claims under the joint venture agreement relating to alleged breaches of good faith by FGL in its commercial relationship with him prior to termination of the joint venture agreement in December 2021. Smith's claims for damages have significant overlap with the claims being brought in the Ohio litigation, including claims related to the alleged product defect and warranty issues. To the extent Smith or Firexo wish to bring these damages claims against FGL they must do so within the UK Litigation as the most convenient forum and in accordance with the exclusive jurisdiction clause expressly agreed to by the Parties.

      ii.      **Plaintiffs' interpretation of the UK Litigation Order**

The Order marks the latest in a series of victories for Smith before the UK High Court. FGL initiated the UK Litigation in July 2021, seeking the equivalent of an expedited declaratory judgment that, under the JVAs, Smith and another joint venture partner (based in Sweden) would receive a circumscribed number of shares in the event of an IPO. Smith countered that the plain meaning of the JVAs was that the joint venture partners would collectively receive 44% of the shares of any resulting IPO and that FGL was attempting to dilute their percentage by claiming that an FGL-spinoff entity in the UK was also a joint venture partner (and, therefore, entitled to nearly all of the 44% share as calculated under the JVAs). In September 2021, the High Court held that the matter was not susceptible to an expedited proceeding and required further factfinding. The High Court also assessed costs, including attorney's fees, against FGL.

Smith and the Swedish JVA partner filed counterclaims in November 2021, seeking a declaration that their interpretation of the JVA was correct and also seeking damages related to FGL's breaches of good faith in pursuing the UK Litigation, making arguments regarding distribution of IPO shares that had no reasonable basis in the language of the JVA, and by failing

to consummate the IPO, thus depriving Smith of his share value.  The product defect and warranty issues do not form part of Smith's counterclaims.  In a strange attempt to circumvent the UK Litigation that it initiated, FGL responded by:

(1) withdrawing its affirmative claims in the UK Litigation;

(2) unilaterally terminating the JVA, a move that Smith rejects; and

(3) converting all shares in FGL to a Delaware corporation that now functions as the parent corporation within the FGL universe of entities.

In the course of the most recent hearing before the UK High Court, FGL chose not to contest Smith and the Swedish JVA partner's counterclaims, arguing that its unilateral termination of the JVAs made the proceeding "academic" since the contracts "have no present relevance." (Transcript at 9.)  At a hearing before the High Court on May 20, 2022, FGL's counsel informed the Court that it did not concede Smith's reading of the JVA but would not submit an alternative construction, leading the Court to comment that this was "quite an unusual state of affairs" unprecedented in his twenty years on the bench.  (Transcript at 10-11.)  FGL also declined to offer any argument or evidence in support of its position that the JVA had been properly terminated. During argument, the UK High Court expressed repeated doubts about FGL's positions, including its inexplicable refusal to present any argument or evidence to support its positions.  The Court ultimately proceeded to fully adopt Smith's construction of the JVA and rejected FGL's argument that an affiliated UK entity was a joint venture partner for purposes of the JVA calculation.  The Court also assessed costs, including attorney's fees, against FGL, raising the total that FGL has been ordered to pay Smith to over USD $200,000 since initiation of the UK Litigation.

5

Submitted by:

| | |
|---|---|
| /s/ Aaron M. Bernay | /s/ Richard R. Malone |
| Aaron M. Bernay (0086495) | Richard R. Malone (0008885) |
| FROST BROWN TODD LLC | Paul T. Belazis (0030356) |
| 3300 Great American Tower | Malone, Ault & Farell |
| 301 East Fourth Street | 7654 W. Bancroft Street |
| Cincinnati, OH 45202 | Toledo, Ohio 43617 |
| (513) 651-6831 (phone) | Telephone - (419) 843-1333 |
| (513) 651-6981 (fax) | Telecopier - (419) 843-3888 |
| abernay@fbtlaw.com | Malone@maf-law.com |
| | Belazis@maf-law.com |

*Counsel for Plaintiff Scot Smith*

*Counsel for Plaintiff Firexo, Inc.*

/s/ Jason J. Blake
Jason J. Blake (0087692)
John F. Fisher (0085455)
Gretchen L. Whaling (0096780)
CALFEE, HALTER & GRISWOLD LLP
1200 Huntington Center
41 South High Street
Columbus, Ohio 43215
Telephone: (614) 621-1500
Facsimile: (614) 621-0010
jblake@calfee.com
gwhaling@calfee.com
jfisher@calfee.com

Mitchell G. Blair (0010892)
David T. Bules (0083834)
Calfee, Halter & Griswold LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio 44114
Telephone: (216) 622-8200
Facsimile: (216) 241-0816
mblair@calfee.com
dbules@calfee.com

*Attorneys for Defendant, Firexo Group Limited*

4883-5906-2566, v.4