# Exhibit C

**DWF Law LLP**
20 Fenchurch Street  London  EC3M 3AG DX 584 London
**T** 0333 320 2220  **F** 0333 320 4440  www.dwf.law



| | | |
|---|---|---|
| Mr Dave Breith | Your Ref: | MDP/TEF/SHA1615/2 |
| Firexo Group Limited | | |
| C/O Boughton Business Park | Our Ref: | 2034318-1 |
| Bell Lane | | *Please quote this when replying* |
| Amersham | | |
| HP6 6FA | | |
| | Date: | 10 December 2021 |
| **Sent by email to:** | Please ask for: | Joshua Fineman |
| **Dave.brieth@firexo.com** | Ext: | 495213 |
| | Direct Dial: | +44 020 7220 5213 |
| | E-mail: | Joshua.Fineman@dwf.law |

Dear Sirs

**Our Clients     -     (i) Mr Scot Smith ("Mr Smith") and (ii) Rafax Invest AB ("Rafax")**

1. We refer to:

   1.1   Your letter Mr Scot Smith dated 8 December 2021, purporting to terminate the Joint Venture Agreement dated 8 December 2021 (the "**Smith Notice**" and the "**US JVA**" respectively); and

   1.2   Your letter to Mr Olof Faxander and Stefan Rahmqvist dated 8 December 2021, purporting to terminate the Joint Venture Agreement dated 25 February 2020 (the "**Rafax Notice**" and the "**Nordic JVA**" respectively)

   (The US JVA and the Nordic JVA together – the "**JVAs**", and the Smith notice and the Rafax Notice together – the "**Purported Termination Notices**")

2. This letter is copied to the law firm Coyle White Devine, and specifically draw its attention to paragraph 8 below.

3. Nothing set out in in the Smith Notice amounts to a repudiatory breach of the US JVA, and nothing set out in the Rafax Notice amounts to a repudiatory breach of the Nordic JVA, whether "cumulatively" or individually, as alleged or at all.  None of the matters you have detailed entitle Firexo Group Limited ("**FGL**") to terminate either of the JVAs, on any basis, as alleged or at all.

4. The Purported Termination Notices were obviously premediated, sent only a day before FGL was due to file its Reply and Defence to Counterclaim in extant proceedings it had commenced against Mr Smith and Rafax in the English High Court (under claim number BL-2021-001194 – the "**Proceedings**"), in which FGL was seeking (obviously incorrect) declarations as to the interpretation of the JVAs in relation to the IPO that it is seeking to progress (the "**Proposed IPO**").  Since service of the Purported Termination Notices, CWD has served notice of discontinuance of FGL's claims against Mr Smith and Rafax within those proceedings.  The obvious inference is that FGL accepts it had no basis to pursue the declarations it was seeking, and now seeks other means of evading its obligations to our clients upon the progression of the Proposed IPO.  Put simply, our client will not allow FGL to evade its obligations to them.

DWF Law LLP is a limited liability partnership registered in England and Wales with registered number OC423384
DWF Law LLP is authorised and regulated by the Solicitors Regulation Authority (SRA) as an Alternative Business Structure
The rules of the SRA are available at www.sra.org.uk/handbook/
The term 'Partner' is used to refer to a Member of DWF Law LLP or an employee or consultant with equivalent standing and qualifications
A list of Members of DWF Law LLP and of Non-Members who are designated as Partners is open to inspection at its registered office located at
1 Scott Place, 2 Hardman Street, Manchester, M3 3AA

DWF Law LLP is listed on the Financial Services Register as an Exempt Professional Firm, able to carry out certain insurance mediation activities

(regulated by the Solicitors Regulation Authority)



5. The Purported Termination Notices puts FGL itself in repudiatory breach of both the Nordic JVA and the US JVA. That affords our clients the right to claim substantial damages from FGL for its breach of the JVAs, and elect whether to accept that repudiation or affirm the JVAs. If our clients elected to accept the repudiation, the losses they would be able to claim for include (a) profit from ongoing business of the JVAs; and (ii) upon FGL executing an Initial Public Offering or sale, the value of the shares and/or cash proceeds that they would have been entitled to upon that occurring.

6. However, notwithstanding the above, our clients are taking a commercial and reasonable approach. They remain willing to seek to continue to promote and sell Firexo within their relevant jurisdictions, and to support FGL in the progression of the Proposed IPO.

7. Accordingly, and to be clear, Rafax wishes to affirm FGL's repudiatory breach of the Nordic JVA and Mr Smith wishes affirm FGL's repudiatory breach of the US JVA.

8. **FGL, and CWD (and all those employed by CWD), are now on express notice of our clients wish to affirm FGL's repudiatory breaches of the JVAs. According, FGL, and CWD (and all those employed by CWD) are duty to bound to act and proceed on the basis that both the US JVA and the Nordic JVA remain in full force and effect. Should that not occur, and there be any dealings with any assets that Rafax and Mr Smith are entitled to (including proceeds arising from an initial public offering), our clients will have proprietary rights to recover such proceeds. All of our clients' rights in this regard are reserved generally.**

9. Dealing with the matters set out in the Purported Termination Notice:

*The Rafax Notice*

10. As above, nothing in the Rafax Notice amounts to a repudiatory breach of the Nordic JVA, whether cumulatively or individually, as alleged or at all. Without limitation:

    10.1 "*Conduct throughout the course of* [the] *joint venture*" - to the extent anything set out in the third paragraph of the first page of the Rafax Notice amounts to a breach of the Nordic JVA (which is not accepted), (i) FGL has waived such breach (not having raised complaints about relevant matters for many months, if not years); and/or (ii) none of the matters amount to a repudiatory breach of the Nordic JVA, as alleged or at all. To the contrary, Rafax has made clear its ongoing willingness to perform its obligations under the Nordic JVA, and it is only FGL's refusal to comply with its obligations that is prohibiting Firexo Nordic from being able to trade.

    10.2 "*Conspired with Scot Smith to delay or abort FGL's proposed IPO on the NASDAQ*" – This is an absurd allegation. Rafax, Mr Rahmqvist and Mr Faxander (and Mr Smith) have been keen for the Proposed IPO to proceed, and have cooperated with FGL's auditors so that it can do so. Rafax, Mr Rahmqvist and Mr Faxander have done nothing more than seek to ensure FGL complies with its obligations to them upon the IPO occurring. This is not, and cannot possibly be, a breach of the Nordic JVA.

    10.3 *Shares in Firexo Nordic AB ("FNAB")* - Rafax has made clear its willingness to transfer shares in FNAB to FGL, and has been awaiting confirmation from FGL as to that transfer. See Mr Faxander's email to Mr Coyle of 24 June 2021 which, to this day, remains unanswered. To the extent there was any breach of the JVA at its inception/upon the incorporation of FNAB, at the time of e-mail exchanges with Mr Coyle in June 2020 (Rafax denies there was any such breach), FGL has plainly waived any such breaches, and cannot rely on the same now to allege a repudiatory breach of the Nordic JVA.



10.4  *Instruction of DWF* -    the suggestion that instructing DWF in relation to the Proceedings somehow amounts to a repudiatory breach of the Nordic JVA is absurd and nonsensical.  To remind you, at the hearing on 14 September 2021, FGL <u>abandoned the declarations</u> that is was seeking as regarding the Nordic JVA at that time, in their entirety.   As above, it has now abandoned the revised declarations that it was seeking as regard the Nordic JVA.  Were this not the case, and that instructing DWF was somehow a breach of the Nordic JVA, you will know that we were first instructed some six months ago, and accordingly FGL has waived any such breach.

10.5  *Other proceedings* -    as below, the other proceedings that have been identified are obviously bona fide, and intended to remedy wrongdoing and seek appropriate relief from the Defendants to those actions.  You have not made any suggestion to the contrary.  Again, the suggestion that they somehow amount to a breach of either of the JVAs is absurd.

10.6  *Alleged defamation* -    as to paragraph numbered 3 of the Rafax Notice, whilst alleging defamation of FGL, you have not particularised and/or evidenced (i) who you are making that allegation of; (ii) any publication; (iii) any falsity in material that has been published; and/or (iv) that FGL has suffered any loss as a result of any such publication.  Indeed, you will know that it has been made clear to CWD that neither Mr Faxander and Mr Rahmqvist (nor for the avoidance of doubt, Rafax or FNAB) have nothing to do with the matters you raise.  Accordingly, again, nothing set out in that paragraph amounts to any form of breach of the Nordic JVA, whether repudiatory or otherwise, as alleged or at all.

*The Smith Notice*

11. Likewise, nothing in the Smith Notice amounts to a repudiatory breach of the US JVA, whether cumulatively or individually, as alleged or at all.  Without limitation:

    11.1  "*Conduct throughout the course of* [the] *joint venture*" -    to the extent anything set out in the third paragraph of the first page of the Smith Notice amounts to a breach of the US JVA (which is not accepted), (i) FGL has waived such breach (not having raised complaints about relevant matters for many months, if not years); and/or (ii) none of the matters amount to a repudiatory breach of the US JVA, as alleged or at all.  To the contrary, Mr Smith has made clear his ongoing willingness to perform its obligations under the US JVA, and it is only FGL's refusal to comply with its obligations that is prohibiting Firexo Inc from being able to trade.

    11.2  As to a business plan, we refer to our letter to CWD of 1 September 2021, a copy of which is enclosed, which set out the substantial efforts Mr Smith had gone to in the preparation of a business plan, and the refusal of FGL to assist him in that process which made finalising it impossible.  No substantive response was received to that correspondence.  As to ongoing business, we refer to our letters of 3 August 2021, 1 September 2021, 12 October 2021 and 1 November 2021, copies of which are enclosed.  See also attached CWD's letter of 20 August 2021, in which CWD confirmed that FGL was "*not in business as usual mode"* (emphasis added).  Subsequent correspondence from CWD (including its letters of 22 October 2021)  Clearly it is FGL's conduct that has prevented the US JVA from continuing its business, and not that of Mr Smith

    11.3  "*(Vexatiously) sought to delay or abort FGL's proposed IPO on the NASDAQ* – this is an absurd allegation.  Mr Smith is keen for the Proposed IPO to proceed and has cooperated with FGL's auditors so that it can do so.  He has done nothing more than take actions that have been necessary to ensure that FGL complies with its obligations to him under the US JVA upon the Proposed IPO occurring.  That cannot possibly be a breach of the US JVA, as alleged or at all.



11.4 *Instructions given to Joshua Fineman* - the suggestion that instructing this firm in relation to the High Court proceedings is somehow a breach of the JVA is absurd. Mr Smith was (and remains) fully entitled to respond to the claims issued against him. In the event, if instructing this firm was somehow a breach of the US JVA, you will know that Mr Smith instructed this firm nearly six months ago, and as such FGL has waived any such breach.

11.5 *Other Proceedings* - the other proceedings that have been identified are obviously bona fide, and intended to remedy wrongdoing and seek appropriate relief from the Defendants to those actions. Again, the suggestion that they somehow amount to a breach of either of the JVAs is absurd. The Ohio proceedings did not require board approval. Legitimate actions pursued by Protocol 6 Limited cannot possibly be a breach of the US JVA.

11.6 *Alleged defamation* - as to paragraph numbered 2 of the Smith Notice, whilst alleging defamation of FGL, you have not particularised and/or evidenced (i) who you are making that allegation of; (ii) any publication; (iii) any falsity in material that has been published; and/or (iv) that FGL has suffered any loss as a result of any such publication. Indeed, you will know that it has been made clear to CWD (and, accordingly you), that Mr Smith has nothing to do with the matters you raise. Accordingly, again, nothing set out in the paragraph numbered 2 amounts to any form of breach of the US JVA, whether repudiatory or otherwise, as alleged or at all.

**Conclusion**

12. Please confirm immediately and by way of return that FGL will continue to treat the JVAs as being in full force and effect, and will act accordingly. Absent such confirmation, all of our clients' rights, including to commence legal proceedings as necessary without further notice, are expressly reserved.

13. We look forward to hearing from you.

Yours faithfully

*DWF Law LLP*

**DWF Law LLP**

78309069-1