IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Firexo, Inc., | Case No. 3:21 CV 2336 |
| Plaintiff, | ORDER GRANTING <u>MOTION TO DISMISS</u> |
| -vs- | JUDGE JACK ZOUHARY |
| Firexo Group Limited, | |
| Defendant. | |

### INTRODUCTION

This case stems from a business deal gone bad. Defendant Firexo Group Limited ("FGL"), a British company, developed a line of environmentally friendly fire extinguishers. In 2019, Scot Smith and FGL executed a Joint Venture Agreement ("JVA") to create Plaintiff Firexo, Inc. ("Firexo") for the purpose of distributing the fire extinguishers in North America.

After a falling out, Smith filed suit in his individual capacity against FGL for securities fraud related to his investment in the company (*see* Case No. 3:21 CV 2266). Then, Firexo, at the direction of Smith, filed this suit in state court; FGL removed (Doc. 1). A third lawsuit in the United Kingdom, which concerns the amount of shares Smith is entitled under the JVA, also remains ongoing.

FGL moves to dismiss for lack of jurisdiction (Doc. 16). This Court heard oral argument (Doc. 18), and the matter is fully briefed (Docs. 14–17).

### THE JOINT VENTURE AGREEMENT

The JVA included four provisions relevant to the pending Motion. First, the prohibition on oral modification states: "No variation of this agreement shall be effective unless it is in writing and signed by the parties (or their authorised representatives)" (Doc. 15-1 at 20). Second, the choice-of-

law provision states: "This agreement and any dispute or claim arising out of or in connection with it or its subject matter or formation shall be governed by and construed in accordance with the laws of England and Wales" (*id.* at 23). Third, and most importantly, the contract contains a forum-selection clause, which states: "Each party irrevocably agrees that the courts of England and Wales shall have exclusive jurisdiction to settle any dispute or claim that arises out of or in connection with this agreement or its subject matter or formation" (*id.*).

## DISCUSSION

### Forum-Selection Clause Enforceability

Firexo admits that forum-selection clauses are generally enforced in this Circuit. *See, e.g.*, *Wong v. PartyGaming Ltd.*, 589 F.3d 821 (6th Cir. 2009). But Firexo argues the JVA's forum-selection clause is not enforceable in this case because English law "does not allow signatories to impose a duty on any non-party or bind a third-party to give up any right" (Doc. 17 at 10). Not so. The Sixth Circuit has held that, in diversity suits such as this one, "the enforceability of the forum selection clause is governed by federal law." *Wong*, 589 F.3d at 828.

The more difficult -- and controlling -- question is whether Firexo is bound by the terms of the JVA. The answer to that question turns on whether Firexo is "closely related" to the JVA and the resulting contract dispute.

### Relatedness Test

Courts in this Circuit have held that "a non-signatory to a contract may be bound by a forum selection clause in that contract if the non-signatory is so sufficiently 'closely related' to the dispute that it is foreseeable that the party will be bound." *Villanueva v. Barcroft*, 822 F. Supp. 2d 726, 737 (N.D. Ohio 2011) (citing *Hitachi Med. Sys. Am. v. St. Louis Gynecology & Oncology, LLC*, 2011 WL 711568, at *8 (N.D. Ohio 2011)). In "determining whether a non-signatory is closely related to a forum selection clause 'a common sense, totality of the circumstances approach' is utilized."

2

*Reagan v. Maquet Cardiovascular U.S. Sales LLC*, 2015 WL 521049, at *3 (N.D. Ohio 2015) (quoting *Hitachi Med. Sys. Am., Inc.*, 2011 WL 711568, at *9).

Under this approach, this Court must determine "whether, in light of [the] circumstances, it is fair and reasonable to bind a non-party to the forum selection clause." *Id.* Courts generally consider "a few fundamental factors" in applying the closely-related test: "(1) common ownership between the signatory and the non-signatory, (2) direct benefits obtained from the contract at issue, (3) knowledge of the agreement generally, and (4) awareness of the forum selection clause particularly." *Franlink Inc. v. BACE Servs., Inc.*, 50 F.4th 432, 442 (5th Cir. 2022).

### *Firexo and the JVA*

Firexo makes two arguments in its attempt to sidestep the forum-selection clause: (1) the JVA is not binding because Firexo was not a party to that agreement; and (2) an oral exclusive distributorship agreement between Firexo and FGL controls this dispute.

First, Firexo argues that the JVA was between Smith and FGL; therefore, Firexo cannot be bound: "Smith is not a party to this litigation and [Firexo] is not a party to the JVA" (Doc. 17 at 2). In response, FGL submits several undisputed facts on the connection between Firexo and the JVA. Some of those facts include (*see* Doc. 15 at 1–3):

- The JVA created Firexo, a joint venture between Smith and FGL.

- The JVA specified the purpose of Firexo would be the "sale and distribution of [FGL's] fire extinguishing products within the United States."

- Smith agreed in the JVA to carry out [Firexo]'s business in accordance with the terms of the JVA.

- Smith agreed to exercise his rights relating to [Firexo] consistent with the terms of the JVA.

- Smith and FGL are the original and only investors in Firexo.

- Smith is the majority shareholder and Executive Officer of Firexo and is directing this lawsuit.

These undisputed facts check each of the four factors listed above -- common ownership, benefit from the contract, knowledge of the agreement, and awareness of the selected forum. *Franlink Inc.*, 50 F.4th at 442.

Firexo points out that the JVA also includes a provision entitled "Third Party Rights," which states: "This agreement is made for the benefit of the parties and their successors and permitted assigns and is not intended to benefit, or be enforceable by anyone else" (Doc. 15-1 at 22). But multiple courts have held that a party need not be a third-party beneficiary in order to be bound by a forum-selection clause. *See Petti v. Fraker*, 2020 WL 13460640, at *12 (N.D. Ohio 2020) (listing examples of non-signatories who may be bound by forum-selection clauses). For instance, in a nearly identical case, *Hugel v. Corp. of Lloyd's*, 999 F.2d 206 (7th Cir. 1993), the non-signatory plaintiffs -- two companies of which Hugel was president, chairman, and majority shareholder -- asserted that the forum-selection clause in a contract Hugel signed was not binding on them. The Seventh Circuit upheld the district court's finding that, even though the two companies were not third-party beneficiaries to the contract, they were "equally bound by the forum selection clause and must sue in the same court in which Hugel agreed to sue." *Id.* at 210.

Other circuits have enforced forum-selection clauses against non-signatories in similar situations. *See Marano Enters. of Kansas v. Z-Teca Rests., L.P.*, 254 F.3d 753, 757–58 (8th Cir. 2001) (finding a shareholder, officer, and director of a company involved in a dispute "is, without question, 'closely related' to the disputes . . . and properly bound by the forum-selection provisions") (citation omitted); *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 n.5 (9th Cir. 1988) (binding corporate entities that did not sign the distribution agreement because "the alleged conduct of the non-parties is so closely related to the contractual relationship that the forum selection clause applies to all defendants"); *Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1299 (11th Cir. 1998) (holding that non-signatories were bound where their interests were

4

"completely derivative of those of the [signatories] -- and thus 'directly related to, if not predicated upon' the interests of the [signatories]").  And the cases Firexo relies upon for the proposition that the clause is unenforceable are inapposite to this case.  *See, e.g.*, *Baker v. LeBoeuf, Lamb, Leiby & Macrae*, 105 F.3d 1102, 1106 (6th Cir. 1997) (holding that non-signatories could not enforce an English forum-selection clause because they were not closely related to the underlying contract).

Firexo's second argument, that an oral agreement between Smith and David Breith, (FGL's primary shareholder and CEO) controls this case, fares no better.  The Amended Complaint references a "sole distributorship agreement" (Doc. 9 at 2).  This agreement is corroborated by an affidavit from Smith that states he and Breith met in Port Clinton, Ohio in August 2019 and verbally agreed to all of the essential terms of distribution, including ordering, warehousing, and pricing  (Doc. 17-1 at 1–2).

The parties stipulate that Smith is bound by the JVA (*see* Doc. 14 at 1), which contains a prohibition on oral modification: "No variation of this agreement shall be effective unless it is in writing and signed by the parties (or their authorised representatives)" (Doc. 15-1 at 20).  Yet Firexo argues that this clause is of no moment:  "There is no reason to modify the JVA because we are not asserting any claims under the JVA.  [There is] a separate contract between an entity that is not a signatory to the JVA for distribution of FGL products" (Tr.[1] at 18).  *Hugel* presented a similar scenario.  There, the non-signatory plaintiffs argued that a separate oral agreement, made by their director, governed their dispute.  999 F.2d at 209.  The Seventh Circuit rejected that argument, noting that any oral agreement was so "intertwined with the [written agreement]" that it could not "be considered a separate unrelated contract."  *Id.*

---

[1] The citation "Tr." refers the unofficial transcript of the Hearing held Decemder 29, 2022.

This Court agrees with the Seventh Circuit's rationale.  Although Smith and Breith may have discussed specifics, the JVA covered the entire scope of dealings between the parties.  The JVA specified that "[t]he business of [Firexo] is the sale and distribution of [FGL's] fire extinguishing products within the [t]erritory" and that "[e]ach party shall use its reasonable endeavors to promote and develop the [b]usiness to the best advantage of the JVC" (Doc. 15-1 at 7–8).  In short, the JVA's purpose was to establish Firexo, jointly owned by Smith and FGL, to distribute FGL's products.  It is difficult to imagine a non-signatory that could be more closely related to a contract.

## CONCLUSION

Because Firexo is so "closely related" to the dispute between Smith and FGL, it was "'foreseeable' that it will be bound" by the JVA's forum-selection clause.  *Hugel*, 999 F.2d at 209 (citation omitted).  The Motion to Dismiss for Lack of Jurisdiction (Doc. 16) is granted.  This case is extinguished.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

January 26, 2023