| | |
|---|---|
| **From:** | Dave Breith |
| **To:** | OHNDml_Chambers of Judge Zouhary |
| **Subject:** | FW: Activity in Case 3:21-cv-02336-JZ Firexo, Inc. v. Firexo Group Limited Motion to amend complaint |
| **Date:** | Monday, November 18, 2024 9:06:48 AM |
| **Attachments:** | image001.png |
| | Ohio Court Response.pdf |

**CAUTION - EXTERNAL:**

**Dave Breith | Group CEO**
**| M: +44 7970556642      | T: +44 207 9896111**
**| E: dave.breith@firexo.com      | W: firexo.com**





The content of this message is confidential, so if you have received it by mistake, please inform us by reply email and then delete the message, without sharing it with others. The integrity and security of this email cannot be guaranteed over the internet.  Accordingly, the sender will not be held liable for any damage caused by the message.  Finally, any opinions expressed in this email are opinions of the writer and NOT the company, so the company does not accept any legal liability for damage caused by its content.

**From:** Dave Breith
**Sent:** 18 November 2024 22:00
**To:** █████████████████████████████████████████
**Subject:** Activity in Case 3:21-cv-02336-JZ Firexo, Inc. v. Firexo Group Limited Motion to amend complaint

Dear ████,

Please see attached also sent to claimants' lawyers.

Gaining representation is taking time for lawyer selection and in turn know your customer criteria, being outside US citizens etc.

In the meantime, I would respectfully ask that Judge JACK ZOUHARY please take this into consideration and acknowledges the attached to base his next steps decision on, please.

I remain at yours and the Judges disposal and if required will do whatever is possible to comply

with the Judge's requirements.

A copy has been sent to claimants *belazis@maf-law.com* and *jpwdawson655@gmail.com* at the same time.

The very kindest of regards,

**Dave Breith | Group CEO**
| M: +44 7970556642         | T: +44 207 9896111
| E: dave.breith@firexo.com | W: firexo.com

 

     

The content of this message is confidential, so if you have received it by mistake, please inform us by reply email and then delete the message, without sharing it with others. The integrity and security of this email cannot be guaranteed over the internet.  Accordingly, the sender will not be held liable for any damage caused by the message.  Finally, any opinions expressed in this email are opinions of the writer and NOT the company, so the company does not accept any legal liability for damage caused by its content.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| FIREXO INC., <br><br> Plaintiff, <br><br> v. <br><br> FIREXO GROUP LIMITED, <br><br> Defendant. | Case No. 3:21-CV-02336 <br><br> Judge Jack Zouhary |

PLAINTIFF'S MOTION FOR LEAVE TO AMEND ITS

COMPLAINT TO JOIN FIREXO CORPORATION

AS A DEFENDANT UNDER FED. R. CIV. P. 15(a) AND 20(a)

**To further judicial economy, avoid injury to the Firexo Inc., and facilitate the complete resolution of this matter, Firexo Inc. respectfully moves under Fed. R. Civ. P. 15(a) and 20(a) for leave to amend its complaint to join Firexo Corporation (a Delaware corporation) in this action as additional defendant. Firexo Inc.'s Proposed Second Amended Complaint is attached as Exhibit A to this motion.**

Firexo Inc., FGL, and in turn Firexo Corporation has already suffered injury and requests that the injury is ceased and respectfully requests that this motion is dismissed in its entirety based on the facts below and within this document.

To allow Firexo Corporation to be joined would be <u>**increasing**</u> injury to Firexo Inc. and not avoiding it.

<u>**The claimants' comments are in blue and for convenience responses are in RED.**</u>

STATEMENT OF FACTS

1. The Case Management Order (Doc. 29) was entered on June 7, 2024.

2. On September 19, 2024, all counsel for Firexo Group Limited (FGL) made a motion for leave to withdraw as counsel (Doc. 31) based on "fundamental difference between Calfee and FGL that require Calfee to move for leave … consistent with Ohio Rule of Professional Conduct 1.16." (Doc. 31 at ¶1). The court granted Calfee's motion on September 20, 2024 via minute order (Doc. 32).

As a reminder, FGL are a UK company and are under UK law.

Calfee are a creditor of FGL, and the motion was made by mutual agreement between Calfee and FGL and in the best interests of both parties.

3. Recognizing the difficulty in maintaining the case management deadlines with

an unrepresented corporate defendant, Firexo Inc. filed on October 3, 2024 a motion to vacate that order and set a status conference (Doc. 32). That motion is pending.

FGL, a UK company governed by UK law had no option to file for Creditors Voluntary Liquidation and not complying with this would have meant the company would be acting unlawfully under UK law.

We request that this motion is also dismissed based on the facts, UK law and other information given within this document.

4. On October 16, 2024, David Breith, as CEO of Firexo Corporation, sent an

email to all Firexo Corporation shareholders Mr. Breith's email is attached to

this motion as Exhibit B. Firexo Corporation owns 100% of FGL's shares.

Firexo Corporation's directors are Messrs. David Breith and Winand Staring,

who are also the only directors of FGL. *See* FGL's Confirmation Statement

attached as Exhibit C.

This email exhibit C only serves to **enhance** the position to dismiss the motion to Join Firexo Corporation, not serve as a tool to include it, more details on why within the document.

5. In his email, Mr. Breith wrote that "FGL's *only function* has been to defend

legal proceedings by Firexo's former joint venture partners in the USA and

Sweden[.]" Ex. B at ¶2 (emphasis added). Instead of expending the financial

resources necessary to defend these cases, "the board of Firexo Corporation

(the ultimate Firexo holding entity which we [Firexo shareholders] all share)

... has decided that the best interests of Firexo Corporation's shareholders (and

the best interests of FGL creditors) are served by placing FGL into creditors

voluntary liquidation.**1** Ex. B ¶5.

The only function of FGL has been to defend legal proceedings for some time, the email was clear in that the proceedings "have had a huge cash drain for the business" so we do not see why the claimants state that the financial resource could be expended, simply it could not, hence the decision was made under the advice of **UK advisers** and **UK law** to place FGL into Creditors Voluntary Liquidation (CVL).

To be absolutely clear, the UK law is very precise in a company that can no longer afford to pay its obligations to its creditors, in short FGL was placed into Voluntary Creditors Liquidation under these UK laws and rules, not because of Alter Ego as the claimants would try to entice the court to believe.

The claimants are claiming that this is a fraudulent act, however they are mis-leading the US court, in fact it is the complete opposite under UK law, please see the below fact: -

*"Insolvent trading can carry severe sanctions - Wrongful trading is a civil offence that carries severe implications for company directors. If there is an intentional element to defraud creditors by continuing to trade in insolvency, this is fraudulent trading, which is a criminal offence."*

You can see from the above the definition under UK law demonstrating the claims made by the claimant are incorrect, misleading and deceptive and we believe meant to try and confuse jurisdiction law.

6. This is extraordinary for two reasons:

>  6.1 First, Mr. Breith indicated that FGL was "dormant" and only existing to

defend legal proceedings—a fact FGL has never communicated to Firexo

Inc. To the contrary, FGL previously admitted "that it manufactures fire

extinguishers and fire extinguishing products and that these products

are sometimes sold in the United States." Def.'s Answer to Pl.'s First

Am. Compl. at ¶ 7 (Doc. 11) (filed on March 31, 2022). Based on FGL's Creditors' voluntary liquidation in the United Kingdom is a formal insolvency

proceeding that a company elects to participate in. In voluntary liquidation, there is

no automatic stay on legal proceedings. However, the court can stay actions upon

application by the liquidator, a creditor, or a contributory under section 112 of the

Insolvency Act. The court's concern is to ensure no creditor obtains an advantage over

the general body of creditors and the process of the liquidation is not interfered with.

This is because the essential feature of a winding-up is that the company's assets are

realized and distributed according to a statutory framework.

admission and statements, Firexo Inc. had no reason to believe

otherwise—until Mr. Breith's October 2024 email.

First, the FGL business has been dormant and not trading for some time and has supported the legal proceedings in Ohio, x 2 cases and 1 case in the UK with others threatened against a Vexatious Litigant.

Second, there is no obligation for a company (Firexo Corporation) to report to a 100% subsidiary. In fact, quite the opposite, the subsidiary should report to its owner, I will leave this point to the judge to decide, but bearing in mind: -

Firexo Inc. is a subsidiary of FGL and has never reported its activity to its owner, why, simply put the parties are not talking and have been in litigation, if the court were to decide that this is not right, then all parties should be penalised and not just FGL and Firexo Corporation creating a significant prejudice.

It is also worth noting that David Breith is also a director of Firexo Inc., (the claimant) FGL are a 30% shareholder in Firexo Inc. and neither party has never been consulted on any litigation, board resolutions and general conduct, governance of the Firexo Inc. business which you would assume a director and other directors have a fiduciary duty. This creates significant prejudice to FGL as 30% owner, David Breith as Director and in turn Firexo Corporation.

As far a manufacturing is concerned, FGL a long time ago was trading and had several JV venture partnerships, Firexo Inc. being one of them that failed, and their **written** agreement was terminated. The Firexo business has moved on since these early days of its life and what was then, cannot be considered now or consistent in the future, companies move on for whatever reason like this business and in NO CIRCUMSTANCES have these changes been made just for Firexo Inc. purposes causing any prejudice, they are done for the best interests of the creditors and shareholders as a whole and it is a UK directors duty to perform such actions for the protection of both.

We invite the Judge to read the whole email and not extracts to form a more informed and reliable decision-making process based on fact.

[1] Creditors' voluntary liquidation in the United Kingdom is a formal insolvency proceeding that a company elects to participate in. In voluntary liquidation, there is no automatic stay on legal proceedings. However, the court can stay actions upon application by the liquidator, a creditor, or a contributory under section 112 of the Insolvency Act. The court's concern is to ensure no creditor obtains an advantage over the general body of creditors and the process of the liquidation is not interfered with. This is because the essential feature of a winding-up is that the company's assets are realized and distributed according to a statutory framework.

In the above meaning that the **claimants have copied in themselves**, and I have highlighted in blue it is clear of a courts concern and ensuring no creditor obtains an **advantage** over other creditors, and the process of liquidation is not **interfered with**.

If the court were to allow Firexo Corporation to join the case, it would be contrary to the legal act and the process would create both prejudice and advantage.

On our call at 11am EST on 5 November 2024 the Judge asked the relationship between the companies, and I stated the relationship and commonalities, the claimant's lawyers tried to brush under the corporate structure, however the below represents what the structure looks like and the commonalities. To this day we struggle how a company where there is a common Director be able to litigate against a company with the same common Director without a formal board meeting or any corporate governance, director fiducial duties.

This is not something that would be contemplated or allowed under UK law and FGL is a UK company under UK law.



6.2 Second, Firexo Corporation's board of directors—not FGL's directors—

decided to put FGL into creditors liquidation, FGL had no independent

corporate personality, but functions merely as Firexo Corporation's alter

ego. Moreover, both entities (FGL and Firexo Corporation) have the

same directors (Messrs. Breith and Staring) and officers.

This is incorrect, the board of directors decided to put FGL into liquidation but under independent advice and under UK law to protect all creditors **equally**, without any gaining an advantage.

Already demonstrated above the UK law and it is very clear in the director's obligations to act lawfully.

A board meeting was convened in both cases and recorded for both companies.

The claimants would appear to try and rely on "alter ego" this is not the case it is simply a board of directors of what is a small company with limited resource and funds, this decision I will reiterate was under the advice of **UK law and independent advisors**.

The directors choices in this matter are limited, and by **NOT** placing FGL into Creditors Voluntary Liquidation could carry consequences, hence this decision.

"In the U.S., the general rule is that parent companies generally are not liable for the actions of its subsidiaries unless the plaintiff can prove an agency or alter ego relationship." There is no such relationship that exists here, and the claimants fail to prove this as documented by fact within the document.

It is a matter of UK company law that directors, the law states "The directors must act in the best interests of the company's creditors and minimise their losses. If you continue to trade when it's no longer viable and incur further debts, as a result, you could be on the receiving end of a wrongful trading claim."

The directors acted as such and the process exists to protect creditors, NOT, allow further unjust loss, which is the opposite of the claimant's claims and the statements made are misleading and misrepresentative of the law.

The directors also acted for all creditors **equally** and not giving any **advantage** so there can be no prejudice.

7. Armed with Mr. Breith's admission in his email—that FGL is essentially "dormant"—Firexo Inc. investigated FGL via the companies records repository in the United Kingdom.

8. In the United Kingdom, Companies House is responsible for maintaining the records of corporate entities organized under the laws of England and Wales. Companies House maintains a public website (*https://find-andupdate.company-information.service.gov.uk/*) on which those records are available.

9. Firexo Inc.'s review of those records revealed that on October 10, 2024, six days before Mr. Breith's email:

9.1 8,600 shares of a Firexo subsidiary (Firexo Motorsport Limited) were transferred out of Firexo Group Limited and into Firexo Holdings Limited—both of which are wholly owned by Firexo Corporation (the Delaware "holding" corporation referenced in Mr. Breith's email). We have attached Firexo Motorsport Limited's Confirmation Statement attesting to this transfer as Exhibit D; and

9.2 9,500 shares of another Firexo subsidiary (Firexo Limited) were

transferred out of Firexo Group Limited and into Firexo Holdings Limited. Firexo Limited is believed to be the operating sales and fulfilment arm for Firexo's business in the United Kingdom. We have attached Firexo Limited's Confirmation Statement attesting to this transfer as Exhibit E.

In answer of 7, 8, 9.1 and 9.2 – The UK lawyers for the claimant have already had an answer on this and the answer was simple "The company is implementing a restructure, one that has been considered and on the table for a number of years." this was under advice from US lawyers as part of a proposed reverse triangular structure which is how the structure of the business came about when the company was proposing a listing on the Nasdaq.

The investigation of Firexo Motorsport, Firexo Limited and for that matter Firexo Holdings has no relation to any UK or US litigation, the restructure has been tabled for several years, any assets that the companies had have been legally acquired under UK law and creditors will receive distribution of these under the control of the liquidator(s).

Within the same correspondence the lawyers have also been told "The liquidators will be in touch with you directly **I assume** if they feel that a) you are a contingent creditor, b) if they want to continue to pursue the litigation, or c) something else. In any event it is not my decision to make, it is theirs."

The claimants are trying to join Firexo Corporation in my view is looking to bypass law and process and give themselves "advantage".

It is our understanding that the same or similar law exists in the US whereby litigation does not go up the chain in a corporate structure unless certain tests can be proved, there is no proof or evidence submitted.

It is also worth noting that the UK courts and barristers have commented on the approach of the claimants conduct as "Opportunistic" "Prejudice Farming" "Aggressive" "Ambushing" amongst others.

"Opportunistic" would be the one that is being chosen here as part of the claimants overall approach to litigation.

The motion to add Firexo Corporation follows the same pattern with **"Claimant" picking** and **"Jurisdiction" picking** to suit their own purposes, we can be reminded of the CASE NO. 3:21-CV-02266-JZ, stating that the claimants shares are worthless, and in the UK case stating they are worth $66m, which one is it and the claimants inconsistent claims and picking to suit their own purposes approach to law is a questionable one and adds further weight to the decision to dismiss as in our view should not carry weight as a matter of law, regardless of jurisdiction.

10. Mr. Breith's email and the contemporaneous transfer of FGL's corporate assets raise serious concerns about the relationship between Firexo Corporation and its subsidiaries (whether they are separate only in corporate form) and the actions of the directors and officers of both FGL and Firexo Corporation in

relation to this case.

The restructure is not contemptuous and has been done under UK law, under independent advice and legally performed with every step being followed under the guidance of independent advisors, corporate, tax and legal.

The meeting of the Creditors took place on the 7th November 2024 and all were invited to attend, it may come to no surprise to the court that neither litigators in the UK or US made no comment to the liquidators or tried to **oppose any actions**, that is because it was done lawfully.

It begs the question why Firexo Inc. **did not oppose** the liquidation in the UK, but are opposing it in the US trying to **circumvent the law based on opportunism**.

I might add that Firexo Inc. actually has considerable inventory and David Breith as a Director of Firexo Inc. and FGL as a 30% shareholder have never had communication on the move of Firexo Inc's assets, or any communication for that matter, this will be something that the Liquidator is investigating themselves in due course and if there is potential "contemporaneous" transfer of assets that Firexo Inc. have performed, in short the UK liquidators will investigate the actions of Firexo Inc. and potential fraudulent acts giving themselves an advantage over its creditors.

We would expect that Firexo Inc. may fall foul to the wrong side of the law and have acted unlawfully in this matter.

11. Based on the foregoing and applicable law, Firexo Inc. alleges that the corporate form should be disregarded, allowing Firexo Inc. to reach Firexo Corporation. As alleged in the proposed Second Amended Complaint, Firexo Corporation is liable for FGL's action in this case because (1) Firexo Corporation's control over FGL is so complete that the corporation has no separate mind, will, or existence of its own, (2) Firexo Corporation's control over FGL was exercised in such a manner as to commit fraud or an illegal act against Firexo Inc., and (3) injury or unjust loss resulted to Firexo Inc. from such control and wrong. *Taylor Steel, Inc. v. Keeton*, 417 F.3d 598, 605 (6th Cir.2005) (citing *Belvedere Condominium Unit Owners' Assn. v. R.E. Roark Cos., Inc.*, 67 Ohio St.3d 274, 617 N.E.2d 1075, 1086 (Ohio 1993)).

STANDARD

On the points above: -

- 1) FGL is under UK law and as such has an obligation to its creditors, under independent advice and under UK law the Directors obligations are clear, the directors had no other alternative to make the decision for FGL to enter into a Creditors Voluntary Liquidation (CVL), this is to protect the creditors as already documented.

2) This was not fraud or an illegal act, in fact the **complete opposite** as demonstrated by fact. It is to protect all creditors and as stated was done under independent advice for protection of the creditors.
3) Injury or unjust loss under the CVL has been halted under this process, to allow Firexo Corporation to be joined to the case would be **creating** injury and unjust loss to Firexo Inc., not halting it.

12. To decide this motion, the court must consider both the general principles governing amendment under Fed. R. Civ. P. 15(a) and the more specific permissive joinder mechanics of Fed. R. Civ. P. 20(a). *See, e.g., Midwest Terminals of Toledo Int'l v. Int'l Longshoremen's Ass'n*, 3:18-CV-2560, 2021 WL 22463, at *2 (N.D. Ohio January 4, 2021).

13. Fed. R. Civ. P. 15 provides that "a party amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Because cases "should, as far as possible, be determined on their merits and not on technicalities," *Cooper v. Am. Emp. Ins. Co.*, 296 F.2d 303, 306 (6th Cir. 1961), leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). While the ultimate decision of whether to permit an amendment rests within the court's discretion, *see, e.g., Brainard v. Am. Skandia Life Assur. Corp.*, 432 F.3d 655, 666 (6th Cir. 2005), **a party opposing a motion to amend must offer "at least some significant showing of prejudice"** to justify denying leave. *Moore v. City of Paducah*, 790 F.2d 557, 563 (6th Cir. 1986) (per curiam). *See also Wallace Hardware Co. v. Abrams*, 223 F.3d 382, 409 (6th Cir. 2000) (noting that in the Sixth Circuit delay alone is an insufficient basis for denying an otherwise appropriate motion for leave to amend).

The claimants have stated "**a party opposing a motion to amend must offer "at least some significant showing of prejudice"** Actually, by allowing Firexo Corporation to be joined shows significant prejudice, if allowed to be joined how would both UK and US law deal with other creditors as they would have been unfairly treated whilst giving significant advantage to the claimants, I remind the fact of what the actual claimants have pasted into this stating **"The court's concern is to ensure no creditor obtains an advantage over the general body of creditors and the process of the liquidation is not interfered with"**

**"should, as far as possible, be determined on their merits and not on technicalities,"** - There is no merit to join Firexo Corporation to these proceedings, and, the choice of case law is selective in that the claimants have no basis of technicalities for the court to decide to join Firexo Corporation.

Under general principle in UK law (we are also told that the same applies in the US) a litigant cannot add or litigate against a parent company if their agreement is with a subsidiary, which is the case here.

It is extremely unlikely that this can be overridden unless there is a very severe and substantial reason, we believe the US law also provides the same / similar which the claimants are trying to demonstrate to prove, however the claimants have not proved any substantial reason, or any reason for that matter that this is the case, and in any event cannot prove or provide any evidence of any of their claims.

"a party amend its pleading only with the opposing party's written consent or the court's leave." – To be clear we do not give our written consent, and we believe this document more that adequately demonstrates a showing of significant prejudice and unjust cost.

14. Fed. R. Civ. P. 20(a) permits the joinder in a single action of all persons asserting, or defending against, a joint, several or alternative right to relief that (1) arises out of the same transaction or occurrence; and, (2) presents a common question of law or fact. As Judge Carr noted in *Dottore v. National Staffing Services, LLC*, 3:06-CV-01942, 2007 WL 2114668, at *5 (N.D. Ohio July 20, 2007), Rule 20 "does not require that each joined party have *itself* participated in the transaction or occurrence triggering … the claim for relief." Rather, the right of relief must have arisen out of the same transaction or occurrence. *Id.* Judge Carr elaborates by noting that an "entity's liability can 'arise' not only from its direct participation in activities … but also from the entity's legal relationship to the alleged wrongdoer." *Id. See also* 7 Fed. Prac. & Proc. Civ. § 1657 (3d ed.).

ANALYSIS

Firexo Inc.'s Amendment is Appropriate under Fed. R. Civ. P. 15(a)

(1) arises out of the same transaction or occurrence – we see no relation in a same transaction, they are entirely different.
(2) presents a common question of law or fact. – The decision should be made on law and fact which we agree, and not interpretation or accusation, or guessing.

**Since the course of time between the 5th November call, the Creditors meeting has now taken place on the 7th November 2024, so the facts are now clearer to both the court and Firexo Inc.**

No one, including Firexo Inc. opposed any actions of FGL which one would assume that if FGL thought that there was wrongdoing they would have opposed this, **they did not**. But rather through opportunism pick another jurisdiction to suit.

15. FGL would suffer no substantial prejudice if the court granted Firexo Inc.'s

motion. Typically, a court should consider three factors in determining whether substantial prejudice exists: (1) whether the opposing party would expend significant resources to conduct discovery and prepare for trial; (2) whether the amendment would significantly delay the resolution of the dispute; and, (3) whether the amendment would prevent Firexo Inc. from bringing a timely action in another jurisdiction. *Rogers v. I.R.S.*, 822 F.3d 854, 857 (6th Cir. 2016) (citing *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994)).

It would appear there are a number of tests on decision making: -

(1) "FGL would suffer no substantial prejudice if the court granted Firexo Inc.'s motion". – FGL would suffer significant prejudice if the court were to grant the claimants proposed motion and would be contrary to UK law and governing rules and process, it would also further add prejudice to other creditors, again contrary to the legal process.
(2) "whether the opposing party would expend significant resources to conduct discovery and prepare for trial" – It would be naive to believe that there is a not a need to have to expend significant resource and time to be joined to this case. This is Resource and time it simply does not have which in turn would take a long time.
(3) "whether the amendment would significantly delay the resolution of the dispute" – As stated above and in the same manner, it would be naive to believe there would be not be significant delays.
(4) "whether the amendment would prevent Firexo Inc. from bringing a timely action in another jurisdiction" – It would and create unjust prejudice to creditors as well as FGL and Firexo Corporation, and also Firexo Inc. and the timescales involved could be several years.
(5) Firexo Inc. could of, and should of opposed this in the meeting on the 7th November 2024 but did not.

16. Firexo Inc's proposed Second Amended Complaint would not require FGL to expend significant additional resources to conduct discovery and prepare for trial. The court only set the case management order in June 2024, with the bulk of discovery still ahead (assuming FGL retains counsel and defends) with deadlines in January to March 2025. Dispositive motion deadlines will not be set until the December 4, 2024 status conference, assuming that conference date remains. And, the case has no confirmed trial date. *See* Case Management Conference Order (Doc. 29).

Under point 15 the claimants are dismissing that a lot of work still needs to be performed, however above the claimants also admit "with the bulk of discovery still ahead" and, "And, the case has no confirmed trial date" we do not understand how the claimants came to the conclusion they make in point 15, and the statements in point 16 as they contradict each other.

17. Firexo Inc.'s proposed Second Amended Complaint would not materially delay the resolution of the dispute. The allegations contained in the complaint do not alter the underlying bases of liability or claims. Rather, the new allegations would only require exploration of the factual basis to justify disregarding FGL's separate corporate form under Ohio law. Given that the shareholders, directors and officers of FGL and Firexo Corporation are identical and that the business records of FGL and Firexo Corporation are likely held in the same location by the same custodians, the new allegations would not delay the case. What's more, any delay at this point is attributable to FGL, which has yet to retain substitute counsel or provide the discovery documentation it indicated that it would in its skeletal response sent by FGL's prior counsel on September 17, 2024.

Joining Firexo Corporation as a Defendant is Appropriate under Fed. R. Civ. P. 20(a)

FGL is/will be under the control of the Liquidators and not under the control of Firexo Corporation adding an independent third party which creates untold complications which would inevitably cause delays, additional significant resource and unjust prejudice.

Notwithstanding points 15 and 16 made by the claimants which are at polar opposite of their own argument.

FGL is/will be under the control of liquidators and the next steps will be theirs, not anyone else's. Therefore, directors and control will also be different, business records will be handed over to liquidators so not in the same location, It would be naïve to believe that this will not create substantial delays and other complications to the case.

It is also worth noting that the FGL liquidators will decide whether to proceed with this case and they will be communicating this with the courts and the claimants.

18. Fed. R. Civ. P. 20(a) permits the joinder of additional defendants if the right of relief against which the combined defendants must defend (1) arises out of the same transaction or occurrence, and (2) presents a common question of law or fact. Those criteria are met here.

(3) "arises out of the same transaction or occurrence" – we see no relation in a same transaction, they are entirely different.

(2) "presents a common question of law or fact" – The decision should be made on law and fact and not interpretation.

These tests are simply not met, and we see no argument to the contrary.

19. Firexo's Second Amended Complaint alleges that Firexo Corporation's liability arises out of FGL's breach of the oral distribution agreement with Firexo Inc. and concomitant tortious conduct against Firexo Inc. And, in that same transaction and series of events, Firexo Inc. alleges that Firexo Corporation overwhelmed FGL's corporate personality such that the separate forms between the two should be disregarded under Ohio law. Proposed Second Am. Compl., Ex. A at ¶¶ 66–87. Firexo Corporation's liability "arises" out of its legal relationship (sole shareholder of FGL) to FGL, the alleged wrongdoer. *Dottore*, 2007 WL 2114668 at *4–*5 (ruling that parent corporation that allegedly looted its subsidiary, leaving it an empty shell, could be joined as a defendant under Rule 20).

Please see below under answer 20.

20. Joining Firexo Corporation as a defendant would present a common question of law or fact. Whether FGL breached the oral distribution agreement with Firexo Inc or committed fraud in the inducement are questions of law that must be resolved to determine the liability of both FGL and Firexo Corporation. Other instances of common questions of law and fact also present, including the character of corporate governance at both FGL and Firexo Corporation and the status between the two entities.

The claimants are asking Firexo Corporation to present an argument on law or fact.

1. Our argument is based on law and fact in this document.
2. "Whether FGL breached the oral distribution agreement" FGL has a written agreement with Firexo Inc. and that document is entirely based on law and fact and signed by all parties to the agreement which also has an **entire agreement clause.**
3. "oral distribution agreement" is based on he said, she said school playground hearsay so if the claimants are basing their case on law and fact, they should do so and document the law and facts which they have failed to have done within this proposed motion and overrides law with "entire agreement" under UK law where the written agreement is governed, which all parties agreed to and signed.
1. "Whether FGL breached the oral distribution agreement with Firexo Inc or committed fraud" – We are uncertain how an oral agreement, as per above, can override fact and law we would prefer the decision to be made on law and fact rather than hearsay and we struggle how a judgement can be made on **rumour** rather than a signed agreement.
    a. Regards Fraud, FGL are a UK company under UK law and part of a Liquidators responsibility will be to determine under scrutiny such matters amongst other "wrongdoing" and given the independent advice taken before the board made

>> the decision this is not something that the board are concerned with and there is no fraud or wrongdoing to be concerned with.

21. Joinder of Corp is necessary to allow this Court to issue complete relief, to

secure plaintiff's rights against the real party in interest, and to prevent FGL

and its remaining officers and directors from perpetrating a fraud and/or

evading the legitimate claims asserted by plaintiff in this litigation.

FGL officers will change to Liquidators, and it will be their responsibility and decision to decide next steps, not ours.

The liquidators may decide to continue the case to recover losses spent on legal proceedings potentially.

Firexo Corporation will be continuing its advice and guidance under its independent advice, regardless the claims within this document are not legitimate and there is no evidence or proof to show otherwise.

[INTENTIONALLY BLANK]

CONCLUSION

WHEREFORE, Plaintiff, Firexo, Inc. respectfully requests this court enter an

Order granting its Motion for Leave to Amend Its Complaint to Join Firexo

Corporation as a Defendant.

CONCLUSION

- FGL is a UK Business governed by UK law.
- The Claimants wish to avoid further injury, but their motion to Join Firexo Corporation adds to injury, does not avoid it.
- Mr Breith's email under Exhibit C, adds weight to the reason to dismiss the motion, not provide evidence to the contrary.
- FGL was at 5th November 2024 undergoing Creditors Voluntary Liquidation (CVL) to protect creditors equally and avoid prejudice and not give any creditor an advantage.
- As at 7th November 2024 the meeting has been convened and completed, Firexo Inc. could of, and should of opposed directly at source but did not because they had no case or evidence to do so.
- FGL liquidators may decide to continue the case.
- The CVL has been done under independent advice and UK law and no act of fraud is committed or evidenced.
- FGL is/will be under the control of independent liquidators.
- The circumstances are entirely different and have no relation.
- There is no merit or evidence to join Firexo Corporation to the case.
- We would like the court to consider all aspects of its decision and would like the motion to be dismissed.
- Creditors, FGL, Firexo Corporation and Firexo Inc. would suffer significant prejudice and unjust costs if the court were to grant the claimants proposed motion and would be

contrary to the law and governing rules and process, it would also further add prejudice and advantage to creditors, again contrary to the legal process.

CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2024 a copy of this motion was served on counsel of record for all parties through the Court's CM/ECF system and on Paul Belazis and Joseph P. Dawson of Malone. Ault & Farrell via email at [belazis@maf-law.com](mailto:belazis@maf-law.com) and [jpwdawson655@gmail.com](mailto:jpwdawson655@gmail.com).

David Breith

+447970556642

[dave.breith@firexo.com](mailto:dave.breith@firexo.com)

Unrepresented defendant of: -

Firexo Group Limited

Firexo Corporation