UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| FIREXO INC.,<br><br>   Plaintiff,<br><br>   v.<br><br>FIREXO GROUP LIMITED,<br><br>   Defendant. | Case No. 3:21-CV-02336<br><br>Judge Jack Zouhary |

**FIREXO INC.'S BENCH MEMORANDUM**
**DEFAULT JUDGEMENT MOTION HEARING**

**Introduction**

1. Firexo Inc. offers an outline of Ohio law as it relates to damages for breach of contract and fraud claims. Given the acceptance of the truth of the allegations as a result of default, Firexo's evidence at hearing will address satisfaction of the related burdens of proof as to damages, including punitive damages.

**Fraudulent Inducement**

2. "A party who has been fraudulently induced to enter into a contract has the option of rescinding the contract or seeking damages based upon the tort of fraudulent inducement." *Ajibola v. Ohio Med. Career Coll., Ltd.*, 2018-Ohio-4449, ¶ 26, 122 N.E.3d 660, 669 (Ct. App. 2018); *Eaton Corp. v. Angstrom Auto. Grp., LLC*, 714 F. Supp. 3d 886, 910–11 (N.D. Ohio 2024). The measure of damages for fraudulent inducement would be "the actual natural losses flowing from the fraud." *Id.*

3. "In a fraud action, a plaintiff is entitled to recover as compensatory damages such damages as will fairly compensate him for the wrong suffered, that is, the damages sustained by reasons of the fraud or deceit and which have naturally and proximately resulted therefrom." *Mulch Mfg., Inc. v. Advanced Polymer Sols., LLC*, 947 F. Supp. 2d 841, 862 (S.D. Ohio 2013) (citing *Danial v. Lancaster*, No. 92462, 2009 WL 2186762, at *2 (Ohio Ct. App. July 23, 2009)); *see also Ramjet Aviation, Inc. v. My Parts Locator, Inc.*, No. 4:22-CV-01245, 2023 WL 166009, at *7–*8 (N.D. Ohio Jan. 12, 2023). The injured party is not required, however, to produce evidence as to the exact amount of the damage. *Brewer v. Brothers*, 611 N.E.2d 492, 496–97 (Ohio Ct. App. 1992). It is only required that the evidence tend to show a basis for the computation of damages to a fair degree of probability. *Collins v. Mullinax East, Inc.*, 795 N.E. 2d 68, 71 (Ohio Ct. App. 2003) ("Only reasonable certainty as to the amount of damages is required, which is that degree of certainty of which the nature of the case admits.").

4. Additionally, "fraud damages [must] be limited to the injury actually arising from the fraud. The tort injury must be unique and separate from any injury resulting from a breach of contract." *Medical Billing, Inc. v. Medical Mgmt. Sciences, Inc.*, 212 F.3d 332, 338 (6th Cir.2000). While recovery of purely economic loss is permissible with a fraudulent inducement claim, a plaintiff must seek to "[] recover damages apart from the mere loss of the bargain reached for a specified payment." *Marine Direct v. Dougherty Marine, Inc.*, 2007 WL 81842 at *2 (Jan. 8, 2007 S.D. Ohio) A plaintiff may not directly recover the amount owed under the contract based upon a tort theory—the plaintiff would only be able to recover other damages proximately caused by the fraud. *See also Medical Billing, Inc. v. Medical Management Sciences, Inc.*, 212 F.3d 332, 338 (6th Cir.2000) (any award of

2

|     | damages arising from fraudulent inducement claim must be separate and distinct from the damages awarded on claim for breach of the contract); *PLC Corp. v. Brandywine Recovery Inc.*, No. 1:13 CV 2421, 2015 WL 5852829, at *7 (N.D. Ohio Oct. 6, 2015). |
|-----|---|
| 5.  | **Punitive Damages**.  Given the defendant's default, and for the reason stated in its Motion for Default Judgment, Plaintiff's evidence establishes its right to punitive damages by clear and convincing evidence. Id., *R.C. 2315.21*. Here, the actions or omissions of the defendant demonstrate malice or aggravated or egregious fraud. Id. Malice has been defined as "a conscious disregard for the rights and safety of others that has a great probability of causing substantial harm." *Preston v. Murty*, 32 Ohio St. 3d 334, 512 N.E. 2d 1174 (1987). Further, any award of punitive damages will be subject to a cap – here, no more than two times the award of compensatory damages. Id. However, such an award should also include an award of attorney fees. *See*, *Zoppo v. Homestead Ins. Co.*, 71 Ohio St. 3d 552, 644 N.E.2d 397 (1994). |

**Breach of Contract**

|     |     |
|-----|-----|
| 6.  | **Nature of Damages**.  The Court may only award damages the existence and amount of which are reasonably certain and have been proved by the greater weight of the evidence. The Court may not award damages that are remote or speculative. *AGF, Inc. v. Great Lakes Heat Treating Co.*, 51 Ohio St.3d 177 (1990). The AGF case held that a "new" business is not prevented from recovering lost profits if they are established with reasonable certainty. The court said that "reasonable certainty" may be established using expert testimony, economic and financial data, market surveys and analyses, business records of similar enterprises, and any other relevant facts. |

7. **Reasonably Foreseeable to the Parties**. The Court may only award those damages that were the natural and probable result of the breach of the contract or that were reasonably within the contemplation of the parties as the probable result of the breach of the contract. This does not require that the defendant actually be aware of the damages that will result from the breach of contract so long as the damages were reasonably foreseeable at the time the parties entered into the contract as a probable result of the breach. *Midvale Coal Co. v. Cardox Corp.*, 152 Ohio St. 437 (1949) (overruled on other grounds in *Fischer Const. Co. v. Stroud*, 175 Ohio St. 31 (1963)); and 1 Restatement of the Law 2d, Contracts, § 351.

8. **Lost Profits.** To award lost profits claimed by the plaintiff, the Court must find that profits were within the contemplation of the parties at the time the contract was made and that the loss of profits was the probable result of the breach of the contract. *See AGF, Inc. v. Great Lakes Heat Treating Co.*, 51 Ohio St.3d 177 (1990); *City of Gahanna v. Eastgate Props.*, 36 Ohio St.3d 65 (1988); *Charles R. Combs Trucking, Inc. v. International Harvester*, Co., 12 Ohio St.3d 241 (1984). "The plaintiff's evidence of lost future profits as an item of compensatory damages need only be reasonable, not specific." *Charles R. Combs Trucking, Inc. v. Int'l Harvester Co.*, 12 Ohio St. 3d 241, 244, 466 N.E.2d 883, 887 (1984). For a claim of lost profits, "A fact is "reasonably certain" if it is probable or more likely than not. JBOBB FOREST PRODUCTS, INC. v. MORBARK INDUSTRIES, INC., 151 Ohio App.3d 63, 783 N.E.2d 560 (2002). Accordingly, lost profits are calculated by deciding what the plaintiff was entitled to receive had the contract been performed.

Respectfully submitted,

*/S/ Paul Belazis*

Paul Belazis (0030356)
Malone, Ault & Farrell
7654 W. Bancroft Street
Toledo, Ohio 43617
(419) 843–1333 Tel
(419) 843–3888 Fax
*belazis@maf-law.com*

Joseph P. Dawson (0003354)
7779 South Branch
Monclova, Ohio 43542
(419) 266–1808 Tel
*jpwdawson655@gmail.com*

*Counsel for Firexo, Inc.*

## CERTIFICATE OF SERVICE

    I hereby certify that on March 11, 2024 a copy of this motion was served on counsel of record for all parties through the Court's CM/ECF system and by email on Harry Sanders, Firexo Group Limited Liquidator, at *harry.sanders@mha.co.uk*.

    */S/ Paul Belazis*
Paul Belazis (0030356)
Malone, Ault & Farrell
7654 W. Bancroft Street
Toledo, Ohio 43617
(419) 843–1333 tel
(419) 843–3888 fax
*belazis@maf-law.com*

.

6