IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Firexo, Inc.,   Case No. 3:21 CV 2336

        Plaintiff,   ORDER AWARDING
    ATTORNEY FEES
   -vs-
    JUDGE JACK ZOUHARY
Firexo Group Limited,

        Defendant.

      This Court previously entered Default Judgment (Doc. 51), awarding Plaintiff Firexo, Inc. compensatory and punitive damages.  Plaintiff now moves for attorney fees and costs under Ohio Revised Code § 2315.21 (Doc. 52).

      "A plaintiff who is entitled to punitive damages also may recover reasonable attorney fees incurred in bringing the action."  *Bell v. Zurich Am. Ins. Co.*, 156 F. Supp. 3d 884, 892 (N.D. Ohio 2015) (citing *Columbus Fin., Inc. v. Howard*, 42 Ohio St. 2d 178, 183 (1975)).  Reviewing Plaintiff's billing records (Doc. 52-1), it is clear that it would not be possible "to separate the fees on a claim-by-claim basis," as the breach-of-contract and fraud claims were intertwined from the outset of the case.  *See, e.g.*, *Miller v. Grimsley*, 197 Ohio App. 3d 167, 175 (Ohio Ct. App. 2011).  Therefore, Plaintiff is entitled to "fees for the time reasonably spent pursuing all of the claims."  *Id.*  In determining the appropriate award, this Court examines:

> the time and labor required; the novelty and difficulty of the questions involved and the skill requisite to perform the legal service properly; the amount involved and the results obtained; the experience, reputation, and ability of the lawyer or lawyers performing the services; and whether the fee is fixed or contingent.

*Id.* at 173.

Plaintiff has submitted a detailed Declaration with supporting records, including paid invoices for legal and expert services (Doc. 52-1). Those records reflect $149,721.03 in attorney fees and $7,065 in expert costs. The records also reveal that counsel made several deductions to avoid duplication. Based on the complex nature of this case, the experience of Plaintiff's counsel, and the nature of the litigation -- including the evidentiary hearing, post-Default briefing, and detailed damages calculations -- this Court finds that the requested fees and costs are reasonable. But that's not the end of the discussion.

Generally, only fees incurred bringing the action -- not appellate fees -- are recoverable. Under Ohio law, there appears to be a single exception: "[P]revailing parties who were awarded reasonable attorney fees along with a punitive-damages award may also recover attorney fees that they incur in *successfully defending their judgment* on appeal." *Cruz v. English Nanny & Governess Sch.*, 169 Ohio St. 3d 716, 750 (2022) (emphasis added). But this case is different -- it has taken some unusual turns. First, this Court granted Defendant's Motion to Dismiss (based on the overlapping litigation the United Kingdom) in January 2023 (Doc. 19). Plaintiff appealed, and the Sixth Circuit remanded in May 2024 (Doc. 25). Defendant then defaulted after failing to retain a lawyer (Doc. 38).

The Sixth Circuit has noted that "[a]ny departure from the American Rule by allowing appellate fees must [] be left to Ohio, not the federal courts." *Shimman v. Int'l Union of Operating Eng'rs, Local 18*, 744 F.2d 1226, 1238 (6th Cir. 1984). And this Court has not located any Ohio authority supporting a punitive-damages fees award for the appeal of an unrelated issue. This Court must therefore deduct the appellate fees and costs ($20,546.03) incurred between January 26, 2023 and May 7, 2024 (*see* Doc. 52-1 at 33–41).

With respect to the pre- and post-appeal fees and costs, this Court finds that the services charged for were necessary to secure the result obtained, including preparing for the evidentiary hearing on damages, and developing the factual record that established the punitive damages. This Court grants the Motion (Doc. 52), with an award of $129,175 in attorney fees (Doc. 52-1 at 1–32, 42–96) and $7,065 in expert costs (*id.* at 97–101) for a total award of **$136,240.** This amount shall be added to the existing judgment of $3,998,802 (Doc. 51 at 15) and enforced as part of the total damages award.

IT IS SO ORDERED.

     s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

August 6, 2025