**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| FIREXO INC.,<br><br>Plaintiff,<br><br>v.<br><br>FIREXO GROUP LIMITED,<br><br>Defendant. | Case No. 3:21-cv-02336<br><br>Hon. Jack Zouhary |

**FIREXO CORPORATION'S MOTION TO STRIKE FIREXO INC.'S MOTION TO JOIN FIREXO CORPORATION (A DELAWARE CORP.) TO THIS ACTION PURSUANT TO FED.R.CIV.P. 25(C) AND FOR APPOINTMENT OF A RECEIVER PURSUANT TO FED.R.CIV. P. 66, 69 and OHIO REV. CODE §2735.01 AND MEMORANDUM IN SUPPORT**

Firexo Corporation ("Firexo Corp.) moves to strike the motion filed by Plaintiff Firexo Inc. ("Plaintiff") on August 7, 2025. This motion seeks to substitute Firexo Corp. as a defendant in this action pursuant to Fed.R.Civ.P. 25(c). This motion should be struck because Firexo Corp. has been determined by the Delaware Secretary of State to be inoperative and void as of March 1, 2025. As a void corporation, Firexo Corp. cannot be sued.

Respectfully submitted,

*/s/ James P. Silk, Jr.*
James P. Silk, Jr. (0062463)
Teresa L. Grigsby (0030401)
SPENGLER NATHANSON P.L.L.
900 Adams Street
Toledo, OH 43604

Telephone: (419) 241-2201
Facsimile: (419) 241-8599
jsilk@snlaw.com
tgrigsby@snlaw.com
*Counsel for Firexo Corporation*

**MEMORANDUM IN SUPPORT**

On August 7, 2025, Plaintiff, Firexo Inc. ("Plaintiff") filed a motion pursuant to Fed.R.Civ.P. 25(c) seeking an order substituting Firexo Corporation ("Firexo Corp.") as the defendant in this litigation for defendant Firexo Group Limited ("FGL") ("Motion to Join"). On August 29, 2025, the undersigned entered an appearance of behalf of Firexo Corp. On September 7, 2025, Plaintiff filed a Motion to Strike the Appearance of James P. Silk, Jr. and Teresa Grigsby and the Law Firm of Spengler Nathanson ("Motion to Strike").[1]

The basis of Plaintiff's motion to strike was that the Delaware Secretary of State has determined that Firexo Corp. is no longer in good standing and has become inoperative and void as of March 1, 2025. As exhibit one, Plaintiff attached the notice from the Delaware Secretary of State stating that Firexo Corp. was inoperative and void. This is correct. Due to its failure to pay its franchise taxes, Firexo Corp.'s status as a Delaware corporation is void.

Further, in its motion to strike, Plaintiff referenced §510 of the Delaware General Corporation Law. Section 510 states that if a corporation fails to file an annual franchise tax report, "the charter of the corporation shall be void, and all power conferred by law upon the corporation are declared inoperative…." In its motion, Plaintiff correctly noted that under Title 8 Del. Code §122(2) a corporation has the power to "[s]ue and be sued in all courts and participate, as a party, as a party or otherwise, in any judicial,

[1] An opposition to Motion to Strike will be separately filed.

administrative, arbitrative, or other proceeding in its corporate name." Plaintiff further noted that given its void status, Firexo Corp. has no power to act as a corporation, which included the ability to engage attorneys.

Firexo Corp. disputes that it is precluded from engaging attorneys to defend its interests. However, it agrees with Plaintiff's basic premise that void corporations cannot sue or be sued in courts. On August 7, 2025, when Plaintiff sought to substitute Firexo Corp. as a defendant in this action, Firexo Corp.'s status was that of a void corporation. As such, under Delaware law it could not be sued. Plaintiff has conceded this point.

In its motion to strike, Plaintiff relied on the holding in *Paul Rivera and Kalibrr, Inc. v. Angkor Capital Ltd.*, 2024 WL 3873050, to show that Firexo Corp., as a void corporation, could not act to engage attorneys to defend itself. The Court in *Kalibrr* engaged in a lengthy discussion as to the effects of a determination that a corporation is void. Ultimately, the Court found that the Plaintiff was void under 8 Del. C. § 510 and that "[a]ll powers granted to it under the Delaware General Corporation Law (the "DGCL") are inoperative. These include the powers to sue, be sued, to dissolve, and to wind up."

Firexo Corp. and Plaintiff agree that the Court's determination in *Kalibrr* is controlling in this case. As such, the motion to join and substitute Firexo Corp. as a party to this case is not permitted because, as a void corporation, Firexo Corp. cannot be sued. Plaintiff admits this fact. Its judicial admission is now binding and nullifies its Motion to Join.

Accordingly, Firexo Corp. respectfully requests that this Court strike Plaintiff's Motion to Join for the foregoing reasons.

Respectfully submitted,

*/s/ James P. Silk, Jr.*
James P. Silk, Jr. (0062463)
Teresa L. Grigsby (0030401)
SPENGLER NATHANSON P.L.L.
900 Adams Street
Toledo, OH 43604
Telephone: (419) 241-2201
Facsimile: (419) 241-8599
jsilk@snlaw.com
tgrigsby@snlaw.com
*Counsel for Firexo Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been electronically filed this 19th day of September, 2025. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

*/s/ James P. Silk, Jr.*
James P. Silk, Jr.
*Counsel for Firexo Corporation*

775874