# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| FIREXO INC., | Case No. 3:21-cv-02336 |
| Plaintiff, | Hon. Jack Zouhary |
| v. | |
| FIREXO GROUP LIMITED, | |
| Defendant. | |

**FIREXO CORPORATION'S MEMORANDUM IN OPPOSITION TO FIREXO INC.'S MOTION TO STRIKE THE APPEARANCE OF JAMES P. SILK, JR. AND TERESA L. GRIGSBY AND THE LAW FIRM OF SPANGLER [SIC] NATHANSON**

On August 7, 2025, Plaintiff, Firexo Inc. ("Plaintiff") filed a motion pursuant to Fed.R.Civ.P. 25(c) for an order substituting Firexo Corporation ("Firexo Corp.") as the defendant in this litigation for defendant Firexo Group Limited ("FGL"). On August 29, 2025, the undersigned entered an appearance of behalf of Firexo Corp. On September 7, 2025, Plaintiff filed a Motion to Strike the Appearance of James P. Silk, Jr. and Teresa Grigsby and the Law Firm of Spengler Nathanson ("Motion to Strike"). Plaintiff's Motion to Strike is premature given that Firexo Corp. has filed a Motion to Strike Plaintiff's motion to substitute Firexo Corp. as a defendant on the basis that Firexo Corp. is a void corporation and cannot be sued. If this Court grants Firexo Corp.'s Motion to Strike that motion, this motion becomes moot.

The basis of Plaintiff's Motion to Strike was that the Delaware Secretary of State has determined that Firexo Corp. is no longer in good standing and has become

inoperative and void as of March 1, 2025. As exhibit one, Plaintiff attached the notice from the Delaware Secretary of State stating that Firexo Corp. was inoperative and void. This is correct. Due to its failure to pay its franchise taxes, Firexo Corp.'s status as a Delaware corporation is void.

Further, in its Motion to Strike, Plaintiff referenced §510 of the Delaware General Corporation Law. Section 510 states that if a corporation fails to file an annual franchise tax report, "the charter of the corporation shall be void, and all power conferred by law upon the corporation are declared inoperative…." In its motion, Plaintiff correctly noted that under Title 8 Del. Code §122(2), a corporation has the power to "[s]ue and be sued in all courts and participate, as a party, as a party or otherwise, in any judicial, administrative, arbitrative, or other proceeding in its corporate name." Plaintiff further asserted that given its void status, Firexo Corp. has no power to act as a corporation, which includes the ability to engage attorneys.

Firexo Corp. acknowledges that as a void corporation that it cannot sue or be sued. Plaintiff, however, cites no law in which a corporation is precluded from engaging counsel to defend itself. In its Motion to Strike, Plaintiff relied on the holding in *Paul Rivera & Kalibrr, Inc. v. Angkor Capital Ltd.*, 2024 WL 3873050, to show that Firexo Corp., as a void corporation, could not engage attorneys. In *Kalibrr*, the Court found that the void corporation could not sue, it did not find that the void corporation was not entitled to representation. In fact, the Plaintiff/void corporation was represented throughout the proceedings. Moreover, a case relied upon by the Court in *Kalibrr* determined because the potential defendant had been long dissolved, it could not be added as a defendant because it no longer had legal existence as a corporation. *In re Citadel Inds. Inc.*, 423 A.2d

2

500, 507 (Del Ch. 1980). The dissolved corporation in that case was also represented by counsel.

Plaintiff also relies on the case *Transpolymer Indus. v. Chapel Main Corp.*, 582 A.2d 936 (Del. 1990). In that case, the Court determined that the void corporation could not represent itself. The Court did not find that the void corporation could not retain counsel. In fact, it found that "[t]he corporation has thereby ceased to exist and has lost any standing to appeal and be heard, even if represented by counsel." *Id*.

Further, Plaintiff does not establish that it has standing to strike the appearance of opposing counsel. Being represented in lawsuits is a fundamental right. A corporation must engage counsel to defend itself as it is not permitted to proceed *pro se*. In the present case, Plaintiff seeks to substitute Firexo Corp. as a defendant in a case in which there has been a substantial judgment awarded. Plaintiff's position that Firexo has no opportunity to defend the substitution despite issuing a summons that indicates that Firexo must file a memorandum in opposition is unsupported by any case law and is contrary to basic notions of due process and fairness.

Firexo Corp. respectfully requests that this Court deny Plaintiff's motion to strike the appearance of its attorneys.

Respectfully submitted,

*/s/ James P. Silk, Jr.*
James P. Silk, Jr. (0062463)
Teresa L. Grigsby (0030401)
SPENGLER NATHANSON P.L.L.
900 Adams Street
Toledo, OH 43604
Telephone: (419) 241-2201
Facsimile: (419) 241-8599
jsilk@snlaw.com
tgrigsby@snlaw.com
*Counsel for Firexo Corporation*

3

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing has been electronically filed this 19th day of September, 2025. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

                                                        /s/ James P. Silk, Jr.
                                                        James P. Silk, Jr.
                                                        *Counsel for Firexo Corporation*

775877