IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| FIREXO INC., <br><br> Plaintiff, <br><br> v. <br><br> FIREXO GROUP LIMITED, <br><br> Defendant. | Case № 3:21-CV-02336 <br><br> Judge Jack Zouhary |

**FIREXO, INC.'S REPLY TO
FIREXO CORPORATION'S MEMORANDUM IN OPPOSITION [63] TO FIREXO
INC.'S MOTION TO STRIKE**

1. Firexo Corporation ("**Firexo Corp**" or **"Corp"**) admits that it is void and inoperative. Doc. 63 at p. 2. Under Delaware law, as we noted, a corporation voided for nonpayment of tax is "not completely dead", but "in a state of coma from which it can be easily resuscitated." *Wax v. Riverview Cemetery Co.*, 24 A.2d 431, 436 (Del. Sup. Ct. 1942).

2. To rejoin the living, it is simple. All Corp must do is: (1) pay its outstanding taxes, with penalties and interest, 8 Del. Code § 312(g), and (2) file for restatement with the Delaware Secretary of State, 8 Del. Code § 312 (b). If Corp would do those two things, then it would "be revived with the same force and effect as if its certificate of incorporation had not been forfeited or void pursuant to [the Delaware General Corporation Law]." *Id*. § 312 (e). Everything it has done since March 2025 would have "the same force and effect and to all intents and purposes as if the certificate of incorporation had at all times remained in full force and effect." *Id.* **Corp obviously has chosen not to do this.** Instead, Corp's officers and directors

have chosen to continue to carry on their business, without first reviving its corporate status, despite prohibitions and potential criminal sanctions established by Delaware law. But that issue is for another day. At present, Corp wishes to plead its case through counsel to this Court because to prevent it would be "contrary to basic notions of due process and fairness." (Doc. 63 at p. 4.)

3. Whether Firexo Corp can or cannot execute an agreement to retain counsel is irrelevant to the present motion. Corp, through counsel, admits it is void. (Doc. 63 at p. 2.) Corp "has thereby ceased to exist and has lost any standing to appeal and be heard, even if represented by counsel." *Transpolymer Indus. v. Main Corp.*, 582 A.2d 936 (Del. 1990) (summary disposition). But if, for the sake of argument, Corp can retain counsel despite its void status (questionable though that may be), that counsel cannot plead Corp's case in this Court because Corp itself has lost any standing to "be heard, even if represented by counsel." *Id*. For that reason, Firexo Inc. brought the motion to strike.

4. As Corp admits, it must appear through counsel in this Court. (Doc. 63 at p. 3.) To challenge Corp's appearance in this Court, Firexo Inc. must challenge the appearance of its counsel, which it did with the Motion to Strike.

5. Because Firexo Corporation is unable to "be heard, even if represented by counsel", *Transpolymer*, 582 A.2d 936, the appearance of James P. Silk, Jr and Teresa L. Grigsby and the law firm of Spengler Nathanson should be stricken.

Respectfully submitted,

*/s/* Paul T. Belazis

Paul T. Belazis (0030356)
Malone, Ault & Farrell
7654 W. Bancroft Street
Toledo, Ohio 43617
(419) 843–1333 tel
(419) 843–3888 fax
belazis@maf-law.com

Joseph P. Dawson (0003354)
7779 South Branch
Monclova, Ohio 43542
(419) 266–1808 tel
jpwdawson655@gmail.com

*Counsel for Firexo, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2025 a copy of this reply was served on counsel of record for all parties through the Court's CM/ECF system; and on unrepresented defendant Firexo Group Limited via email to its Liquidator, Harry Sanders, at harry.sanders@mha.co.

/s/ Paul T. Belazis
Paul Belazis
*Counsel for Firexo, Inc.*