**IN THE UNITED STATES DITRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| FIREXO INC., | |
| Plaintiff, | |
| | Case № 3:21-CV-02336 |
| v. | |
| | Judge Jack Zouhary |
| FIREXO GROUP LIMITED, | |
| Defendant. | |

---

**FIREXO, INC.'S RESPONSE TO
FIREXO CORPORATION'S MOTION TO STRIKE (Doc. 62)**

---

1.      By its response to Firexo Inc.'s Motion to Strike (Doc. 63) and its own motion to strike (Doc. 62), Firexo Corporation ("**Firexo Corp**"or **"Corp"**) argues that, despite being a void corporation, it has the capacity to appear and that, because of being a void corporation, it cannot be sued and, by its action (failing to pay its taxes) and inaction (failing to seek restatement under a very generous Delaware scheme), it is immune from a potential creditor's reach.[1]

2.      Delaware law neither mandates such a harsh result for Firexo Inc nor creates a grant of immunity for Corp.

3.      First, Delaware courts have recognized that innocent creditors to a void

---

[1] Corp's Motion arguments essentially amount to an affirmative defense that should be asserted in response to the pending motion to substitute Corp as FGL's successor in interest.  Firexo, Inc objects to the filing of Corp's current motion to strike on that basis and does not waive any objection by virtue of the filing of this response.  This response is filed in an effort to adhere to the timetable established by the Court for convening a hearing on the motion to substitute Corp.

corporation can proceed *against* the void corporation, which "still can serve as repository of title and as obligor of debt." *Wax v. Riverview Cemetery Co.*, 24 A.2d 431, 436 (Del. Sup. Ct. 1942). *See also Frederic G. Krapf & Son, Inc. v. Gorson*, 243 A.2d 713, 715 (Del. 1968); *Sanders v. Vari,* 143 A.2d 275 (Del. Ch. 1958); *United States v. Ne. Pharm. & Chem. Co.*, 810 F.2d 726, 747 (8th Cir. 1986); *Bd. of Managers of Soho Int'l Arts Condo. v. City of New York*, No. 01 CIV. 1226 (DAB), 2005 WL 1153752, at *11 (S.D.N.Y. May 13, 2005).  *See also Centagon, Inc. v. Bd. of Directors of 1212 Lake Shore Drive Condo. Ass'n*, 2001 WL 1491523, at *5 (noting that "the Delaware Code is explicit on limiting the rights of dissolved corporations," but "does not seem to be intended to penalize or destroy the rights of a dissolved corporation's creditor").

4.      Second, *Kalibrr* dealt with a void corporation acting as a plaintiff.  The court's holding in *Kalibrr* was both limited and straightforward: "I conclude the supported law is best, and dispositively, stated in *Transpolymer*: a corporation that is void for nonpayment of franchise taxes has no standing to sue or to bring an appeal." *Kalibrr*, 2024 WL 3873050, at *8. And unlike this case, *Kalibrr* did not deal with a creditor who sought joinder of a successor in interest for the limited purpose of enforcing a judgment that had already been secured against the proposed successor's predecessor. These distinctions are critical and the courts of Delaware have consistently recognized the right of an innocent creditor to seek redress against a void corporation. See, *citations, supra*.

5.      Finally, it is abundantly clear that Corp has no intention of paying the franchise taxes owed to the state or reinstating its status as a corporate entity lawfully conducting business in the state of Delaware.  Instead, what Firexo Corp's argument suggests is that it is rewarded for its failure to pay taxes and enjoys a grant of immunity from suit.  In the meantime, since March

1, 2025 when Corp was declared void by the Governor of the State of Delaware, it has continued to engage in business as usual, disregarding its void status, flouting the express statutory prohibitions against engaging in such activities, and thumbing its nose at the prospect of criminal penalties, and at this Court's power to enforce its judgment.[2]

6.      This is made equally clear by Corp's most recent "Investor Update" sent to investors by Mr. David Breith on **August 18, 2025**. In the Update, Mr. Breith, who serves as Corp's controlling shareholder and Managing Director, boasts that:

> "the last six-month period has been exceptionally busy for the business.  We have made good progress on several fronts, not least from the addition of new certification, fire testing with multiple fire departments and government agencies and some additional distribution agreements/investments."

7.      Mr. Breith's update also acknowledges that, in the six-month period since being formally declared a void corporation, Corp has:

- continued to recruit and hire new employees, including two starting August 1, 2025

---

[2] Needless to say, a federal court's ability to enforce its judgments is critical and its power to do so is broad. *See, e.g., RTM Capital Partners, Inc., v. Barnes,* 2021 W.L. 5630019 (D. Conn. 2021) at *12. ("Without jurisdiction to enforce a judgment entered by a federal court, the judicial power would be incomplete and entirely inadequate to the purposes for which it was conferred by the Constitution…[T]he Court's inherent ability…to supervise such enforcement and conduct any proceedings to adjudicate issues relevant to and enforce a judgment are fundamental to inspiring the public's confidence in the integrity of federal court judgments. It is a critical and important structural feature of the federal courts and the federal judiciary's proper functioning and it is a clearly defined public policy evident in Supreme Court precedent …and in the statutory framework of Fed. R. Civ. P. 69). *See also Liberte Cap. Grp. v. Capwill,* 462 F.3d 543, 551(6th Cir. 2006) (Addressing the power of a federal court to appoint a receiver for the purpose of safeguarding and achieving an equitable distribution of assets).

and a third starting September 1, 2025;

- continued to "actively engage" in discussions with, and now claims to be close to receiving large orders from, the governments of Nigeria, Greece, Netherlands, Ukraine, South Africa, Saudi Arabia, and the United States (LA Fire Department);

- continued to use the financial assets of the corporation; and,

- retained a mergers and acquisitions firm to pursue sale of the company.

*See* Exhibit 1, attached hereto. At the same time, Mr. Breith has written to shareholders advising that the company is cash strapped and looking for new investors who will inject money into his void corporation. (Doc. 55-1).

8. In essence, Firexo Corporation takes the position that it can act with impunity, ignore the limitations and consequences imposed by Delaware law, and continue to actively engage in business as usual, while avoiding the claims of innocent creditors and remaining beyond the reach of this Court – all as a reward for failure to file state franchise tax returns over a period of several years or pay related taxes amounting to $452,000. In the meantime, Corp's written statements make clear that it is actively working to sell the company, along with the corporation's assets -- having retained a Mergers and Acquisitions company -- potentially dissipating and/or placing corporate assets beyond the reach of the money judgment rendered by this Court.

9. In sum, Corp is not rewarded for its failure to pay its taxes with a grant of immunity from the reach of creditors. The overwhelming weight of authority makes this clear.

Corp's Motion to Strike (Doc. 62) should be denied.

Respectfully submitted,

*/s/ Paul T. Belazis*
_____

Paul T. Belazis (0030356)

Malone, Ault & Farrell
7654 W. Bancroft Street
Toledo, Ohio 43617
(419) 843–1333 tel
(419) 843–3888 fax
belazis@maf-law.com


/s/ Adam S. Nightingale
Adam S. Nightingale (0079095)

Eastman & Smith, LTD.
One SeaGate, 27th Floor
P.O. Box 10032
Toledo, Ohio 43699-0032
Telephone: (419) 241-6000
Fax: (419) 247-1777
asnightingale@eastmansmith.com


*Counsel for Firexo, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 30, 2025 a copy of this reply was served on counsel of record for all parties through the Court's CM/ECF system; on unrepresented defendant Firexo Group Limited via email to Harry Sanders, its Liquidator, at harry.sanders@frpadvisory.com.

/S/ Paul T.  Belazis

Paul T. Belazis (0030356)

Malone, Ault & Farrell
7654 W. Bancroft Street
Toledo, Ohio 43617
(419) 843–1333 tel
(419) 843–3888 fax
belazis@maf-law.com

*Counsel for Firexo, Inc*