IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| FIREXO INC., | Case No. 3:21-cv-02336 |
| Plaintiff, | Hon. Jack Zouhary |
| v. | |
| FIREXO GROUP LIMITED, | |
| Defendant. | |

FIREXO CORPORATION'S REPLY IN SUPPORT
OF ITS MOTION TO STRIKE (DOC. 62)

On September 19, 2025, Firexo Corp. ("Corp.") filed its motion strike Firexo Inc.'s ("Plaintiff") motion to join Corp. in this action pursuant to Fed.R.Civ.P. 25(c). (Doc. 62). On September 30, 2025, Plaintiff filed its response. (Doc. 67). Plaintiff argues that despite Corp. being a void corporation under Delaware law, it is subject to being substituted in this action as a successor-in-interest to Firexo Group Limited ("FGL"). Plaintiff's position as to Corp's permitted actions as a void corporation varies depending on what benefits Plaintiff. Plaintiff has sought to preclude Corp. from being represented on the basis that as a void corporation, Corp. can take no actions under Title 8 Del.Code §510. (Doc. 60).

In its Response, Plaintiff now asserts that a void corporation can't take any action, but it can be sued. In paragraph three of its Response, Plaintiff cites several cases for the proposition that void corporations can "still can serve as a repository of title and as obligor of debt." These cases each analogize the capacities of void corporations to dissolved corporations. Delaware law permits dissolved corporations to take certain actions

following their dissolution. 8 Del.C. §278. However, the reasoning set forth in these cases is wrong as fully discussed in *Kalibrr, infra*. Delaware law does not state that void corporation should be treated as dissolved corporations.

In paragraph four of its Response, Plaintiff attempts to limit the holding of *Paul Rivera & Kalibrr, Inc. v. Angkor Capital Ltd.* 2024 Del.Ch. LEXIS 297; Civil Action No. 2022-0671-MTZ (August 20, 2024). Plaintiff relied heavily on the holding in this case in its attempt to prevent Corp. from having legal representation. The Court in *Kalibrr* engaged in a lengthy discussion as to the effects of a determination that a corporation is void. Ultimately, the Court found that the plaintiff was a void corporation under 8 Del. C. § 510 and that "[a]ll powers granted to it under the Delaware General Corporation Law (the "DGCL") are inoperative. These include the powers to sue, be sued, to dissolve, and to wind up." Plaintiff claims that this holding is limited to a void corporation acting as plaintiff. There is no such limitation in the court's reasoning.

In fact, the court in *Kalibrr* was critical of the holding in *Wax v. Riverview Cemetery Co.*, 24 A.2d 431 (Del.Sup. Ct. 1942). *Id* at *14-15. The court found the holding was "built on precarious authority. And four decades later, in *Tranpolymer*, the Delaware Court gave *Wax* no mind in dismissing an appeal because a corporation was void." *Id*. The *Kalibrr* court did not limit its application to void corporations acting as a creditor. Its position regarding the status of a void corporation involved no limitations; "Title 8 and *Transpolymer* are clear: void corporations are not dissolved and are not subject to Sections 278's winding up period. No other source of any winding up period for a void corporation has been identified. A void corporation has no power to sue, be sued, or wind up." *Id*. Under the holding of *Kalibrr*, Corp. cannot be sued under Delaware law as a void corporation.

2

In paragraphs 5-9 of its Response, Plaintiff has abandoned any legal arguments and claims that not allowing it to substitute a void corporation as a defendant subject to a significant judgment wouldn't be fair to it. In support of this argument, Plaintiff speculates, without support, that Corp. won't pay the franchise taxes in the future and that Corp. has "continued to engage in business as usual." This speculation is not relevant to the issue of whether, under Delaware law, a void corporation can be substituted in an action so that a judgment can be entered against it.

The fairness of Plaintiff's conduct as to Corp. can be questioned. Plaintiff was granted leave to amend it complaint to add Corp. as a defendant in the underlying action. (Doc. 36). If Corp. had been added as a defendant it would have had the opportunity to both argue that it was not a proper party and that Plaintiff's underlying claims were baseless. Instead, Plaintiff obtained an unopposed default judgment against FGL, a company in Voluntary Liquidation. Plaintiff now attempts to obligate Corp. for the judgment and further asserts that Corp. should not be permitted to defend itself.

Based on language of the Delaware statutes and the reasoning set forth in *Kalibrr*, Corp. cannot be substituted as a party under Delaware law pursuant to Fed.R.Civ.P. 25(c). As such, Firexo Corporation respectfully requests this Court to strike Plaintiff's motion to join it as a defendant in this action.

Respectfully submitted,
*/s/ James P. Silk, Jr.*
James P. Silk, Jr. (0062463)
Teresa L. Grigsby (0030401)
SPENGLER NATHANSON P.L.L.
900 Adams Street
Toledo, OH  43604
Telephone:  (419) 241-2201
Facsimile:  (419) 241-8599
jsilk@snlaw.com
tgrigsby@snlaw.com
*Counsel for Firexo Corporation*

3

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing has been electronically filed this 7th day of October, 2025. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

                                          */s/ James P. Silk, Jr.*
                                          James P. Silk, Jr.
                                          *Counsel for Firexo Corporation*

779252