IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| FIREXO INC., <br><br> Plaintiff, <br><br> v. <br><br> FIREXO GROUP LIMITED, <br><br> Defendant. | Case № 3:21-CV-02336 <br><br> Judge Jack Zouhary |

**FIREXO, INC.'S NOTICE OF FILING**
**PROPOSED INTERIM RECEIVERSHIP ORDER**

Pursuant to this Court's December 3, 2025 *Order Joining Defendant* (Doc. 73), Plaintiff Firexo, Inc. ("Plaintiff") submits the attached proposed *Interim Receivership Order*.

Plaintiff is still in the process of selecting and engaging an appropriate party to serve as a receiver in this unique matter, and it expects to complete this process within 30 days. However, in light of the concerns previously identified by the Court, particularly its finding that Defendants' "pattern of post-suit asset shifting and continued marketing of the business creates a substantial risk that assets will be further dissipated or moved beyond the reach of this Court" (Doc. 73, PageID 1920), Plaintiff proposes the attached *Interim Receivership Order* to protect and preserve Firexo Corporation's assets until such time as a receiver is selected and appointed.

Page 1 of 2

8224723.1

Respectfully submitted,

/s/ *Adam S. Nightingale*
Paul T. Belazis (0030356)
Malone, Ault & Farrell
7654 W. Bancroft Street
Toledo, Ohio 43617
(419) 843–1333 tel
(419) 843–3888 fax
belazis@maf-law.com

Adam S. Nightingale (0079095)
Eastman & Smith Ltd.
One SeaGate, 27th Floor
P.O. Box 10032
Toledo, Ohio 43699-0032
Telephone: (419) 241-6000
Fax: (419) 247-1777
asnightingale@eastmansmith.com

Attorneys for Plaintiff Firexo, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2025, a copy of this Reply was served on counsel of record for all parties through the Court's CM/ECF system.

/s/ *Adam S. Nightingale*
An Attorney for Plaintiff Firexo, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| FIREXO INC., <br><br> Plaintiff, <br><br> v. <br><br> FIREXO GROUP LIMITED AND FIREXO CORPORATION, <br><br> Defendant. | Case № 3:21-CV-02336 <br><br> Judge Jack Zouhary |

**INTERIM RECEIVERSHIP ORDER**

**WHEREAS** this matter has come before this Court upon motion of the Plaintiff Firexo Inc. ("Firexo Inc." or "Plaintiff") to appoint a receiver in the above-captioned action, which the Court granted (Doc 73); and,

**WHEREAS** the Court, after a Hearing, granted Plaintiff's Motion (Doc. 55) to join Firexo Corporation as an additional defendant in this case (Doc. 73); and,

**WHEREAS** the Court also determined that, based on the record in these proceedings, the appointment of a receiver in this action is necessary and appropriate for the purposes of marshaling and preserving all assets of Defendant Firexo Corporation (Delaware File 5842936) and its subsidiaries ("Receivership Assets") and applying those assets toward satisfaction of this Court's monetary judgment (Doc. 73); and,

**WHEREAS** Plaintiff is in the process of selecting and retaining an appropriate party to serve as a receiver for the estate of the Defendant Firexo Corporation and its subsidiaries

8221978.1

("the Receiver"), but interim relief is required to ensure no Receivership Assets are transferred, liquidated, disposed of, or otherwise encumbered before a receiver is engaged and a full Receivership Order can be issued; and,

**WHEREAS** this Court has subject matter jurisdiction over this action and personal jurisdiction over the Defendants and venue properly lies in this district.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. This Court hereby takes exclusive jurisdiction and possession of the assets, of whatever kind and wherever situated, of, or under the control of, the Defendant Firexo Corporation ("Receivership Defendant").

2. All persons and entities with direct or indirect control over any Receivership Assets are hereby restrained and enjoined from directly or indirectly transferring, setting off, receiving, changing, selling, pledging, assigning, liquidating or otherwise disposing of or withdrawing such assets outside of the ordinary course of business. This freeze shall include, but not be limited to, Receivership Assets that are on deposit with financial institutions such as banks, brokerage firms and mutual funds.

3. The Receivership Defendant is hereby restrained and enjoined from directly or indirectly taking any action or causing any action to be taken, without an order from this Court, which would dissipate or otherwise diminish the value of any Receivership Assets outside of the ordinary course of business; such prohibited actions include but are not limited to, releasing claims or disposing, transferring, exchanging, assigning or in any way conveying any Receivership Property, enforcing judgments, assessments or claims against any Receivership Property or any Receivership Defendant, attempting to modify, cancel,

terminate, call, extinguish, revoke or accelerate (the due date), of any lease, loan, mortgage, indebtedness, security agreement or other agreement executed by any Receivership Defendant or which otherwise affects any Receivership Property; or,

    4.    Plaintiff shall submit a proposed Order Appointing Receiver within 30 days of the entry of this Interim Receivership Order. This Interim Receivership Order will remain in place until such time as the Court enters an Order Appointing Receiver, at which point that Order Appointing Receiver will supersede this Interim Receivership Order.

    **IT IS SO ORDERED.**

**Date:** December 10, 2025                             *s/ Jack Zouhary*
                                                                                    **Hon. Jack Zouhary**