## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

FIREXO INC.,

     Plaintiff,

v.

FIREXO GROUP LIMITED
AND FIREXO CORPORATION,

     Defendants.

Case № 3:21–CV–02336

Judge Jack Zouhary

---

## FIREXO INC.'S OPPOSITION TO FIREXO CORPORATION'S MOTION TO STAY JUDGMENT PENDING APPEAL (Doc. 79)

---

1.     Defendant Firexo Corporation ("Corp") asks this Court to stay the December 3, 2025 Order joining Corp as a successor defendant and indicating it will appoint a limited receiver to preserve assets for satisfaction of plaintiff Firexo Inc.'s ("Firexo's") judgment. (Doc. 79; Doc. 73). A simple mechanism exists under which Corp can obtain a stay of execution of judgment: by posting a supersedeas bond approved by the Court pursuant to Fed.R.Civ.P. 62(b). This is the traditional method of obtaining a stay of execution of a monetary judgment, and the posting of a bond would entitle Corp to a stay as a matter of right.

*Firexo, Inc. v. Firexo Grp. Ltd. et al.*                                    Case № 3:22-CV-2336

2.      Corp has not submitted a bond for the Court's approval under Rule 62(b), instead opting to ask for a stay under the Court's inherent discretion. A discretionary stay is an extraordinary remedy. Under controlling Sixth Circuit authority, Corp must make a strong showing on the two most critical factors: likelihood of success and irreparable harm. It does neither.

3.      Corp's motion largely repackages the same arguments it presented (and the Court rejected) on the merits of joinder and receivership. This Court has already found that the record demonstrates a restructuring in which defendant Firexo Group Limited's ("FGL's") business and interests were moved into Corp, leaving FGL dormant and then in U.K. liquidation while the enterprise continued under Corp— creating a substantial risk of further dissipation that will thwart Plaintiff's ability to collect its judgment absent a receiver. (Doc. 73, PageID 1920–22). Corp's claimed harms are speculative and economic, and, critically, Corp identifies no concrete receiver action that has caused the catastrophic outcomes it predicts. By contrast, staying the Order would expose Firexo to the very irreparable injury the Court found likely: that its judgment will go unsatisfied while assets are transferred beyond reach. (*Id.*).

4.      Accordingly, Corp's motion should be denied.

5.      Alternatively, if the Court is inclined to grant any stay, it should condition relief on Corp posting a full supersedeas bond (covering the full judgment

*Firexo, Inc. v. Firexo Grp. Ltd. et al.*                                  Case № 3:22-CV-2336

plus post-judgment interest and taxable costs) and maintaining asset-preservation protections sufficient to prevent further dissipation during the appeal.

## I. LEGAL STANDARD

6.      In the Sixth Circuit, a court considers four factors when evaluating a discretionary stay pending appeal: (1) likelihood of success on the merits; (2) likelihood of irreparable harm absent a stay; (3) whether issuance of the stay will substantially injure other parties; and (4) where the public interest lies. *DV Diamond Club of Flint, LLC v. Small Bus. Admin.*, 960 F.3d 743, 746 (6th Cir. 2020). The factors are interrelated considerations to be balanced, and the first two factors are the "most critical." *Ohio State Conf. of NAACP v. Husted*, 769 F.3d 385, 387 (6th Cir. 2014).

7.      A movant must address each factor and support its assertions with facts and competent proof. *Ohio ex rel. Celebrezze v. Nuclear Regulatory Comm'n*, 812 F.2d 288, 290 (6th Cir. 1987). Irreparable harm must be "certain and immediate"; "mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay are not enough." *Michigan Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 154 (6th Cir. 1991) (quoting *Sampson v. Murray*, 415 U.S. 61, 90 (1974)).

*Firexo, Inc. v. Firexo Grp. Ltd. et al.*                                    **Case № 3:22-CV-2336**

## II.     ARGUMENT

8.     Corp asks this Court to assume reversal is likely, but it ignores the standard of review and the Order's structure. Rule 25(c) joinder and the scope of post-judgment equitable relief are reviewed for abuse of discretion, and the Order rests on multiple independent grounds for successor liability.

### A.     Corp Has Not Shown a Likelihood of Success on Appeal.

9.     Corp's "likelihood of success" showing is not a showing at all; it is a disagreement with this Court's factual findings and legal conclusions, coupled with a claim that Firexo offered "no admissible evidence." (Doc. 79 at 3–7). In contrast, the Court's Order reflects consideration of the full record and the parties' competing positions, including Corp's principal defenses (jurisdiction, comity/U.K. liquidation, and its "holding company" characterization). (Doc. 73, at PageID 1907–08, 1912–17).

#### 1.     Corp's "no evidence" argument mischaracterizes the record and the Order.

10.     The Court did not "apparently rel[y]" on mere allegations, nor did it fail to consider Corp's evidence, as suggested by Corp. (Doc. 79, PageID 1962, 1963). The Court identified specific record materials demonstrating continuity of ownership and management and the migration of the business from FGL into Corp—including the September 2021 shareholder circular, the November 2021 share-for-share exchange, and evidence of later transfers stripping FGL of remaining assets. (Doc. 73 at PageID 1906–07, 1912–14) (*see also* Doc. 71 (Exhibit and Witness List)). The Court also

8258567.3                                                            Page 4 of 12

*Firexo, Inc. v. Firexo Grp. Ltd. et al.*                    Case № 3:22-CV-2336

expressly addressed Corp's reliance on the U.K. liquidators' ongoing review of transactions, explaining why that did not undercut this Court's authority to enforce its judgment against the successor entity. (Doc. 73 at 1917–18).

11.     Moreover, the Order is not grounded on a single document; it is grounded on the sequence of events the Court found: the post-suit "flip" elevating Corp to the "TopCo" of the Firexo business, the resulting (and intentional) dormancy of FGL, and the later liquidation of FGL while the Firexo business continued under Corp's umbrella. (Doc. 73, PageID 1912–14).

12.     Corp's motion is, at bottom, a re-argument of the merits already presented and rejected after a full hearing (two hearings, in fact). A stay is not a vehicle to relitigate those issues.

### 2.     Corp cannot show likely reversal where the Order rests on multiple independent grounds.

13.     The Court held that Corp is bound by the judgment as FGL's successor under three independent doctrines. (Doc. 73, PageID 1921–22). On appeal, Corp must show a strong likelihood of overturning the Court's successor-liability determination as a whole—not simply reargue one facet of the record or complain that it would have preferred summary judgment practice. (Doc. 79, PageID 1965).

14.     On this record, Corp cannot show a substantial probability of reversal.

*Firexo, Inc. v. Firexo Grp. Ltd. et al.*                                          Case № 3:22-CV-2336

### 3.   Corp's "void corporation" point does not warrant a stay.

15.    Corp also briefly asserts that it is "undisputed" it is void under Delaware law and therefore "cannot be sued." *Id*. Even assuming the premise, this contention does not demonstrate a strong likelihood of reversal of this Court's joinder order under Rule 25(c), which is procedural and designed to ensure that a judgment follows the relevant interest. (*See* Doc. 73, PageID 1908).

16.    *First*, this Court's Order is a post-judgment enforcement measure directed at the successor entity that holds the enterprise. Rule 25(c) exists precisely to prevent defendants from evading judgments through post-suit restructuring. (Doc. 73, PageID at 1916–17); *see also Est. of Thomson v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 362 (6th Cir. 2008) (successor / alter-ego jurisdiction and due process).

17.    *Secon*d, Corp's status is self-inflicted and readily curable. Corp seeks equitable relief while admitting it has failed to maintain its own corporate good standing. Equity does not favor allowing a judgment debtor's corporate noncompliance to operate as a shield against a federal judgment and a preservation receivership tailored to prevent dissipation. (*See* Doc. 73, PageID 1920) (noting Corp was voided in Delaware yet continued to act as "TopCo" and market/sell the business).

18.    Corp has actively appeared through counsel and litigated these issues in this forum; it has not shown that its own corporate housekeeping issue—created

8258567.3

*Firexo, Inc. v. Firexo Grp. Ltd. et al.*                    Case № 3:22-CV-2336

by its voluntary (and perhaps intentional) failure to pay its Delaware taxes—justifies halting enforcement of an existing federal judgment.

19.     Because Corp has not made any showing, let alone the strong showing required under the first (and most important) factor, its motion should be denied. *Husted*, 769 F.3d at 387.

> **B.     Corp Has Not Shown Irreparable Harm Absent a Stay.**

20.     Corp's irreparable-harm theory is a list of predictions: rumors, potential cancellations, possible financing impacts, hypothetical freezes, and speculative shutdowns. (Doc. 79, PageID 1965–66). That is not the "certain and immediate" irreparable injury required by Sixth Circuit precedent. *See Griepentrog*, 945 F.2d at 154; *Celebrezze*, 812 F.2d at 290.

> **1.     Corp's alleged harms are primarily economic and speculative.**

21.     The Sixth Circuit is clear: anticipated business disruptions, increased costs, or other monetary harms are not irreparable, even if substantial. *Griepentrog*, 945 F.2d at 154. Corp's claimed injuries—loss of investment, lost facilities, possible contract defaults, and possible operational consequences—are paradigmatic economic harms. (Doc. 79, PageID 1965–66). Corp offers conjecture and generalization about what "would" or "could" happen, not evidence that any of it is occurring now or even about to occur.

*Firexo, Inc. v. Firexo Grp. Ltd. et al.*                              Case № 3:22-CV-2336

### 2.    Corp identifies no concrete receiver action causing the harms it forecasts.

22.     Corp repeatedly asserts that banking "could be frozen" and salaries "will not be paid," but it does not identify any actual, implemented receiver step producing these outcomes, nor does it offer any concrete facts to support its predictions. (Doc. 79, PageID 1966). In the Sixth Circuit, this speculation is not enough. *Celebrezze*, 812 F.2d at 290.

### 3.    The receivership is limited and designed to preserve— rather than destroy—the enterprise.

23.     This Court expressly stated it would appoint a narrowly tailored receiver "for the limited purpose of identifying, preserving, and applying" Corp's assets toward satisfaction of the judgment. (Doc. 73, PageID 1921–22). The Court also found that any claimed injury to Corp or other stakeholders is mitigated by the limited scope and outweighed by the risk of non-collection absent a receiver. (Doc. 73, PageID 1920–21). Corp's assertion that the limited receivership will necessarily "devastat[e]" the Firexo group is not supported by competent proof. (Doc. 79, PageID 1967).

### C.    The Balance of Harms and Public Interest Favor Denying a Stay.

24.     Even if Corp could show some injury (it cannot), the remaining factors strongly favor Firexo.

*Firexo, Inc. v. Firexo Grp. Ltd. et al.*                                    Case № 3:22-CV-2336

### 1.    Firexo will be substantially harmed by a stay.

25.    Firexo already holds a final judgment, but FGL is in U.K. liquidation and no longer operates the business that generated the judgment. (Doc. 73, PageID 1920). This Court found a "substantial risk" that assets will be "further dissipated or moved beyond the reach of this Court" absent the receivership. (*Id.* at PageID 1920–21). A stay would remove the very protections the Court imposed to prevent irreparable injury to Firexo's ability to collect. (*Id.*).

26.    Corp's suggestion that the "public and others" will be harmed absent a stay (Doc. 79, PageID 1966–67) does not address the core problem already recognized by this Court: without asset preservation, Firexo risks being left with an uncollectible judgment.

### 2.    The public interest supports enforcement of judgments and preventing evasion.

27.    The public interest is served when courts enforce final judgments and prevent parties from using corporate restructuring and asset shifting to evade lawful obligations. This is especially true here, where the judgment resulted from findings of fraud and conscious disregard for safety. (Doc. 73, PageID 1905–06, 1917). Staying the Order would undermine confidence in the enforceability of federal judgments and incentivize the very conduct the receivership is designed to prevent.

*Firexo, Inc. v. Firexo Grp. Ltd. et al.*                    Case № 3:22-CV-2336

### D.   Alternative Relief: Any Stay Should Be Conditioned on a Full Supersedeas Bond and Meaningful Security

28.   If the Court is inclined to grant any stay, it should not do so on an unsecured, indefinite basis. Under Sixth Circuit authority, a supersedeas bond is the ordinary mechanism to protect the judgment creditor during appeal. *See Arban v. West Pub. Corp.*, 345 F.3d 390, 409 (6th Cir. 2003) (recognizing the district court's authority concerning supersedeas bonds and the judgment creditor's entitlement to protection). Corp has not offered a bond, and its own assertions that it is not profitable and relies on outside investment heighten the risk to Firexo. (Doc. 79, PageID 1965–66).

29.   Accordingly, if any stay is granted, Firexo respectfully requests that the Court condition it on:

29.1   **Posting a full supersedeas bond** in an amount sufficient to secure the entire judgment, plus post-judgment interest and taxable costs; and

29.2   **Maintaining adequate asset-preservation protections** (whether through continuation of the limited receivership or other court-ordered security measures) to prevent transfer, concealment, or encumbrance of assets during the pendency of the appeal.

*Firexo, Inc. v. Firexo Grp. Ltd. et al.*                                    Case № 3:22-CV-2336

### III.      CONCLUSION

30.      For the foregoing reasons, Firexo respectfully requests that the Court deny Corp's Motion to Stay Judgment Pending Appeal (Doc. 79).  If Corp wishes to obtain a stay of the Court's judgment, it must post a full supersedeas bond and meaningful security sufficient to protect Firexo's ability to collect its final judgment.

Respectfully submitted,

*/s/ Adam S. Nightingale*
Paul Belazis (0030356)
Malone, Ault & Farrell
7654 W. Bancroft Street
Toledo, Ohio 43617
(419) 843–1333 tel
(419) 843–3888 fax
belazis@maf-law.com

Adam S. Nightingale (0079095)
Eastman & Smith Ltd.
One SeaGate, 27th Floor
P.O. Box 10032
Toledo, Ohio 43699–0032
(419) 241–6000 tel
(419) 247–1777 fax
asnightingale@eastmansmith.com

*Counsel for Firexo, Inc.*

*Firexo, Inc. v. Firexo Grp. Ltd. et al.*                    **Case № 3:22-CV-2336**

## CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2026 a copy of this reply was served on counsel of record for all parties through the Court's CM/ECF system; on unrepresented defendant Firexo Group Limited via email to Harry Sanders, its Liquidator, at harry.sanders@mha.co.uk.


*/s/ Adam S. Nightingale*
_____
*An Attorney for Firexo, Inc.*


8258567.3                                                    Page 12 of 12