IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| FIREXO INC., <br><br> Plaintiff, <br><br> v. <br><br> FIREXO GROUP LIMITED AND FIREXO CORPORATION, <br><br> Defendant. | Case № 3:21-CV-02336 <br><br> Judge Jack Zouhary |

## ORDER APPOINTING RECEIVER

**WHEREAS** this matter has come before this Court upon motion of the Plaintiff Firexo Inc. ("Firexo Inc." or "Plaintiff") to appoint a receiver in the above-captioned action, which the Court granted (Doc 73); and,

**WHEREAS** the Court, after a Hearing, entered a default judgment against the Defendant Firexo Group Limited, and awarded approximately $4 million in breach-of-contract, tort, and punitive damages, as well as attorney fees. (Docs. 51, 54); and

**WHEREAS** the Court, after a Hearing, granted Plaintiff's Motion (Doc. 55) to join Firexo Corporation as an additional defendant in this case (Doc. 73); and

**WHEREAS** the Court also granted Plaintiff's request for the appointment of a receiver, finding that, based on the record in these proceedings, the appointment of a receiver in this action is necessary and appropriate for the purposes of marshaling

8278311.1

and preserving all assets of Defendant Firexo Corporation (Delaware File 5842936) (including its subsidiaries) ("Receivership Assets") and applying those assets toward satisfaction of this Court's monetary judgment (Doc. 73); and,

**WHEREAS** this Court has subject matter jurisdiction over this action and personal jurisdiction over the Defendants and venue properly lies in this district.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. This Court hereby takes exclusive jurisdiction and possession of the assets, of whatever kind and wherever situated, of, or under the control of, the Defendant Firexo Corporation ("Receivership Defendant").

2. Until further Order of this Court, **The Skutch Arlow Group, LLC**, is hereby appointed to serve without bond as receiver (the "Receiver") for the estate of the Receivership Defendant.

### I. ASSET FREEZE

3. Except as otherwise specified herein, all Receivership Assets are frozen until further order of this Court. Accordingly, all persons and entities with direct or indirect control over any Receivership Assets, other than the Receiver, are hereby restrained and enjoined from directly or indirectly transferring, setting off, receiving, changing, selling, pledging, assigning, liquidating or otherwise disposing of or withdrawing such assets. This freeze shall include, but not be limited to, Receivership

Assets that are on deposit with financial institutions such as banks, brokerage firms and mutual funds.

## II. GENERAL POWERS AND DUTIES OF RECEIVER

4. The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the officers and directors of the entity Receivership Defendant under applicable state, federal, and third-country law, by the governing charters, by-laws, articles and/or agreements in addition to all powers and authority of a receiver at equity, and all powers conferred upon a receiver by the provisions of 28 U.S.C. §§ 754, 959, 1692, 3103, Fed. R. Civ. P. 66 and the Orders of this Court.

5. The trustees, directors, officers, managers, employees, investment advisors, accountants, attorneys and other agents of the Receivership Defendant shall have no authority with respect to the Receivership Defendant's assets, except to the extent as may hereafter be expressly granted by the Receiver.

6. No person holding or claiming any position of any sort with the Receivership Defendant shall possess any authority to act by or on behalf of the Receivership Defendant.

7. Subject to the specific provisions in Sections III through XII, below, the Receiver shall have the following general powers and duties:

    A.    To use customary and reasonable efforts to determine the nature, location and value of all property interests of the Receivership

Defendant and its subsidiary entities, including, but not limited to, monies, funds, securities, credits, effects, goods, chattels, lands, premises, leases, claims, rights and other assets, together with all rents, profits, dividends, interest or other income attributable thereto, of whatever kind, which the Receivership Defendant owns, possesses, has a beneficial interest in, or controls directly or indirectly ("Receivership Property" or, collectively, the "Receivership Estate");

B. To take custody, control and possession of all Receivership Property and records relevant thereto from the Receivership Defendant; to sue for and collect, recover, receive and take into possession from third parties all Receivership Property and records relevant thereto;

C. To marshal and hold in his possession, custody and control all Receivership Property, pending further Order of this Court;

D. To use Receivership Property for the benefit of the Receivership Estates, making payments and disbursements and incurring expenses as may be necessary or prudent in the ordinary course of business in discharging his duties as Receiver;

E. To engage and employ persons in its discretion, without further Order of the Court, to assist him in carrying out his duties and responsibilities hereunder, including, but not limited to, accountants, attorneys, securities traders, registered representatives, financial or business advisers, liquidating agents, real estate agents, forensic experts, brokers, traders or auctioneers;

F. To take such action as necessary and appropriate for the preservation of Receivership Property or to prevent the dissipation or concealment of Receivership Property;

G. To issue subpoenas for documents and testimony consistent with the Federal Rules of Civil Procedure;

H. To bring such legal actions based on law or equity in any state, federal, or foreign court as the Receiver deems necessary or appropriate in discharging his duties as Receiver;

I. To pursue all suits, actions, claims and demands which may now be pending or which may be brought by or asserted against the Receivership Estates; and,

J. To take such other action as may be approved by this Court.

### III. ACCESS TO INFORMATION

8. The individual Receivership Defendant and the past and/or present officers, directors, agents, managers, general and limited partners, trustees, attorneys, accountants and employees of the entity Receivership Defendant, as well as those acting in their place, are hereby ordered and directed to preserve and turn over to the Receiver forthwith all paper and electronic information of, and/or relating to, the Receivership Defendant and/or all Receivership Property; such information shall include but not be limited to books, records, documents, accounts and all other instruments and papers.

9. Within ten (10) days of the entry of this Order, the Receivership Defendant shall file with the Court and serve upon the Receiver and Firexo Inc. a sworn statement, listing: (a) the identity, location and estimated value of all Receivership Property; (b) all employees (and job titles thereof), other personnel, attorneys, accountants and any other agents or contractors of the Receivership Defendant; and, (c) the names, addresses and amounts of claims of all known creditors of the Receivership Defendant.

10. Within twenty (20) days of the entry of this Order, the Receivership Defendant shall file with the Court and serve upon the Receiver and Firexo Inc. a sworn statement and accounting, that shall include complete documentation as set forth herein, covering the period from January 1, 2025 to the present:

A. Of all Receivership Property, wherever located, held by or in the name of the Receivership Defendant and its subsidiaries, or in which any of them, directly or indirectly, has or had any beneficial interest, or over which any of them maintained or maintains and/or exercised or exercises control, including, but not limited to: (a) all securities, investments, funds, real estate, automobiles, jewelry and other assets, stating the location of each; and (b) any and all accounts, including all funds held in such accounts, with any bank, brokerage or other financial institution held by, in the name of, or for the benefit of any of them, directly or indirectly, or over which any of them maintained or maintains and/or exercised or exercises any direct or indirect control, or in which any of them had or has a direct or indirect beneficial interest, including the account statements from each bank, brokerage or other financial institution;

B. Identifying every account at every bank, brokerage or other financial institution: (a) over which Receivership Defendant or any of its subsidiaries has signatory authority; and (b) opened by, in the name of, or for the benefit of, or used by, the Receivership Defendant or any of its subsidiaries;

C. Identifying all credit, bank, charge, debit or other deferred payment cards issued to or used by the Receivership Defendant or any of its subsidiaries, including but not limited to the issuing institution, the card or account number(s), all persons or entities to which a card was issued and/or with authority to use a card, the balance of each account and/or card as of the most recent billing statement, and all statements for the last twelve months;

D. Of all assets received by any of them from any person or entity, including the value, location, and disposition of any assets so received;

E. Of all expenditures exceeding $1,000 made by any of them, including those made on their behalf by any person or entity;

F. Of all transfers of assets made by any of them; and

G. Full and unfettered access to any accounting software used by the Receivership Defendant, along with login scrip and password access to any online accounting service.

11. The Receivership Defendant's past and/or present officers, directors, agents, attorneys, managers, shareholders, employees, accountants, debtors, creditors, managers and general and limited partners, and other appropriate persons or entities shall answer under oath to the Receiver all questions which the Receiver may put to them and produce all documents as required by the Receiver regarding the business of the Receivership Defendant, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to the Receivership Defendant. If the Receiver deems it necessary to require the appearance of the aforementioned persons or entities, the Receiver shall make its discovery requests in accordance with the Federal Rules of Civil Procedure.

12. The Receivership Defendant is required to assist the Receiver in fulfilling his duties and obligations. As such, it must respond promptly and truthfully to all requests for information and documents from the Receiver.

### IV.  ACCESS TO BOOKS, RECORDS AND ACCOUNTS

13. The Receiver is authorized to take immediate possession of all assets, bank accounts or other financial accounts, books and records and all other documents or instruments relating to the Receivership Defendant and its subsidiaries. All persons and entities having control, custody or possession of any Receivership Property are hereby directed to turn such property over to the Receiver.

14. The Receivership Defendant and its subsidiaries, as well as their agents, servants, employees, attorneys, any persons acting for or on behalf of the Receivership Defendant, and any persons receiving notice of this Order by personal service, facsimile transmission or otherwise, having possession of the property, business, books, records, accounts or assets of the Receivership Defendant or any of its subsidiaries is hereby directed to deliver the same to the Receiver, his agents and/or employees.

15. All banks, brokerage firms, financial institutions, and other persons or entities which have possession, custody or control of any assets or funds held by, in the name of, or for the benefit of, directly or indirectly, and of the Receivership Defendant or any of its subsidiaries that receive actual notice of this Order by personal service, facsimile transmission or otherwise shall:

    A. Not liquidate, transfer, sell, convey or otherwise transfer any assets, securities, funds, or accounts in the name of or for the benefit of the Receivership Defendant or any of its subsidiaries except upon instructions from the Receiver;

    B. Not exercise any form of set-off, alleged set-off, lien, or any form of self-help whatsoever, or refuse to transfer any funds or assets to the Receiver's control without the permission of this Court;

    C. Within five (5) business days of receipt of that notice, file with the Court and serve on the Receiver and counsel for Firexo Inc. a certified statement setting forth, with respect to each such account or other asset, the balance in the account or description of the assets as of the close of business on the date of receipt of the notice; and,

    D.    Cooperate expeditiously in providing information and transferring funds, assets and accounts to the Receiver or at the direction of the Receiver.

## V. ACCESS TO REAL AND PERSONAL PROPERTY

16. The Receiver is authorized to take immediate possession of all personal property of the Receivership Defendant and any of its subsidiaries, wherever located, including but not limited to electronically stored information, computers, laptops, hard drives, external storage drives, and any other such memory, media or electronic storage devices, books, papers, data processing records, evidence of indebtedness, bank records and accounts, savings records and accounts, brokerage records and accounts, certificates of deposit, stocks, bonds, debentures, and other securities and investments, contracts, mortgages, furniture, office supplies and equipment.

17. The Receiver is authorized to take immediate possession of all real property of the Receivership Defendant and any of its subsidiaries, wherever located, including but not limited to all ownership and leasehold interests and fixtures. Upon receiving actual notice of this Order by personal service, facsimile transmission or otherwise, all persons other than law enforcement officials acting within the course and scope of their official duties, are (without the express written permission of the Receiver) prohibited from: (a) entering such premises; (b) removing anything from such premises; or, (c) destroying, concealing or erasing anything on such premises.

18. To execute the express and implied terms of this Order, the Receiver is authorized to change door locks to the premises described above. The Receiver shall have exclusive control of the keys. The Receivership Defendant, or any other person acting or purporting to act on their behalf, are ordered not to change the locks in any manner, nor to have duplicate keys made, nor shall they have keys in their possession during the term of the receivership.

19. The Receiver is authorized to open all mail directed to or received by or at the offices or post office boxes of the Receivership Defendant and its subsidiaries, and to inspect all mail opened prior to the entry of this Order, to determine whether items or information therein fall within the mandates of this Order.

20. Upon the request of the Receiver, the United States Marshal Service, in any judicial district, is hereby ordered to assist the Receiver in carrying out his duties to take possession, custody and control of, or identify the location of, any assets, records or other materials belonging to the Receivership Estate.

## VI.    NOTICE TO THIRD PARTIES

21. The Receiver shall promptly give notice of his appointment to all known officers, directors, agents, employees, shareholders, creditors, debtors, managers and general and limited partners of the Receivership Defendant, as the Receiver deems necessary or advisable to effectuate the operation of the receivership.

22. All persons and entities owing any obligation, debt, or distribution with respect to an ownership interest to any Receivership Defendant shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver and its receipt for such payments shall have the same force and effect as if the Receivership Defendant had received such payment.

23. In furtherance of his responsibilities in this matter, the Receiver is authorized to communicate with, and/or serve this Order upon, any person, entity or government office that he deems appropriate to inform them of the status of this matter and/or the financial condition of the Receivership Estates. All government offices which maintain public files of security interests in real and personal property shall, consistent with such office's applicable procedures, record this Order upon the request of the Receiver or Plaintiff Firexo Inc.

### VII. INJUNCTION AGAINST INTERFERENCE WITH RECEIVER

24. The Receivership Defendant and its subsidiaries, and all persons receiving notice of this Order by personal service, facsimile or otherwise, are hereby restrained and enjoined from directly or indirectly taking any action or causing any action to be taken, without the express written agreement of the Receiver, which would:

   A. Interfere with the Receiver's efforts to take control, possession, or management of any Receivership Property; such prohibited actions include but are not limited to, using self-help or executing or issuing or

        causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any Receivership Property;

B.     Hinder, obstruct or otherwise interfere with the Receiver in the performance of his duties; such prohibited actions include but are not limited to, concealing, destroying or altering records or information;

C.     Dissipate or otherwise diminish the value of any Receivership Property; such prohibited actions include but are not limited to, releasing claims or disposing, transferring, exchanging, assigning or in any way conveying any Receivership Property, enforcing judgments, assessments or claims against any Receivership Property or any Receivership Defendant, attempting to modify, cancel, terminate, call, extinguish, revoke or accelerate (the due date), of any lease, loan, mortgage, indebtedness, security agreement or other agreement executed by any Receivership Defendant or which otherwise affects any Receivership Property; or,

D.     Interfere with or harass the Receiver, or interfere in any manner with the exclusive jurisdiction of this Court over the Receivership Estates.

25.     The Receivership Defendant shall cooperate with and assist the Receiver in the performance of his duties.

26.     The Receiver shall promptly notify the Court and all parties of record of any failure or apparent failure of any person or entity to comply in any way with the terms of this Order.

### VIII. MANAGING ASSETS

27.     The Receiver shall establish one or more custodial accounts at a federally insured bank to receive and hold all cash equivalent Receivership Property (the "Receivership Funds") that may come into the Receiver's possession.

28. The Receiver's deposit account shall be entitled "Receiver's Account, Estate of Firexo Corporation" together with the caption of this litigation.

29. The Receiver may, without further Order of this Court, transfer, compromise, or otherwise dispose of any Receivership Property, other than real estate, in the ordinary course of business, on terms and in the manner the Receiver deems most beneficial to the Receivership Estate, and with due regard to the realization of the true and proper value of such Receivership Property.

30. Subject to Paragraph 31, immediately below, the Receiver is authorized to locate, list for sale or lease, engage a broker for sale or lease, cause the sale or lease, and take all necessary and reasonable actions to cause the sale or lease of all real property in the Receivership Estates, either at public or private sale, on terms and in the manner the Receiver deems most beneficial to the Receivership Estate, and with due regard to the realization of the true and proper value of such real property.

31. Upon further Order of this Court, pursuant to such procedures as may be required by this Court and additional authority such as 28 U.S.C. §§ 2001 and 2004, the Receiver will be authorized to sell, and transfer clear title to, all real property in the Receivership Estates.

32. The Receiver is authorized to take all actions to manage, maintain, and/or wind-down business operations of the Receivership Estate, including making legally required payments to creditors, employees, and agents of the Receivership

Estate and communicating with vendors, investors, governmental and regulatory authorities, and others, as appropriate.

33. In the event that a bankruptcy case is filed during the pendency of this Receivership, notice of same shall be provided to this Court, to all parties, and to the Receiver. Upon receipt of notice that a bankruptcy has been filed, which includes as part of the bankruptcy estate any property which is the subject of this Order, the Receiver shall investigate whether the Receiver or any party to the litigation intends to move in the Bankruptcy Court for (a) relief from the automatic stay, or (b) relief from any obligation to turn over the property (11 U.S.C. Section 543). Otherwise, the Receiver shall abide by all Orders or shall seek instructions from the Court in the event same is necessary. The Receiver is authorized to maintain status quo and to take any action necessary to preserve and protect the property so as to not violate 11 U.S.C. Section 362(a). The Receiver shall do nothing that would affect a material change in circumstances of the property. The Receiver's and Receiver's professional's fees and expenses up to the filing of the Bankruptcy petition and including the time required to transition the Receivership to the bankruptcy trustee or debtor in possession shall be classified as Administrative Claims in accordance with 11 USC §§503(b) and 543(c).

## IX. INVESTIGATE AND PROSECUTE CLAIMS

34. The Receiver is authorized, empowered and directed to investigate, prosecute, defend, intervene in or otherwise participate in, compromise, and/or adjust actions in any state, federal or foreign court or proceeding of any kind as may in his discretion, be advisable or proper to recover and/or conserve Receivership Property. The Receiver may, but is not required to, consult with counsel for the parties if any action is contemplated under this section.

35. The Receiver has a continuing duty to ensure that there are no conflicts of interest between the Receiver, his Retained Personnel (as that term is defined below), and the Receivership Estate.

## X. LIABILITY OF RECEIVER

36. Until further Order of this Court, the Receiver shall not be required to post bond or give an undertaking of any type in connection with his fiduciary obligations in this matter.

37. The Receiver and his agents, acting within scope of such agency ("Retained Personnel") are entitled to rely on all outstanding rules of law and Orders of this Court and shall not be liable to anyone for their own good faith compliance with any order, rule, law, judgment, or decree. In no event shall the Receiver or

Retained Personnel be liable to anyone for their good faith compliance with their duties and responsibilities as Receiver or Retained Personnel.

38. This Court shall retain jurisdiction over any action filed against the Receiver or Retained Personnel based upon acts or omissions committed in their representative capacities.

39. In the event the Receiver decides to resign, the Receiver shall give written notice to counsel of record and the Court of its intention, and the resignation shall not be effective until the Court grants the Receiver's request to resign. The Receiver shall follow such instructions as the Court may provide.

### XI. RECOMMENDATIONS AND REPORTS

40. The Receiver is authorized, empowered and directed to develop a plan for the fair, reasonable, and efficient recovery and liquidation of all remaining, recovered, and recoverable Receivership Property to satisfy the outstanding judgment of this Court against the Receivership Defendant (the "Liquidation Plan").

41. Within thirty (30) days of the entry date of this Order, the Receiver shall file a status report with the Court. The status report will include a summary of receivership activities to date. It will also include a proposed plan for administering the receivership going forward, as well as a proposed deadline by which the Receiver will submit the Liquidation Plan. The Receiver's fees—including all fees and costs for

the Receiver and others retained to assist in the administration and liquidation of the Receivership estate—are capped at $40,000 during the initial 30-day period. Any further fee conditions or limitations will be set by the Court as this matter proceeds.

42. Within thirty (30) days after the end of each calendar quarter, the Receiver shall file and serve a full report and accounting, if applicable, of the Receivership Estate (the "Quarterly Status Report"), reflecting (to the best of the Receiver's knowledge as of the period covered by the report) the existence, value, and location of all Receivership Property, and of the extent of liabilities, both those claimed to exist by others and those the Receiver believes to be legal obligations of the Receivership Estates.

43. The Quarterly Status Report shall contain the following:

A. A summary of the operations of the Receiver;

B. The amount of cash on hand, the amount and nature of accrued administrative expenses, and the amount of unencumbered funds in the estate;

C. A schedule of all the Receiver's receipts and disbursements (attached as Exhibit A to the Quarterly Status Report), with one column for the quarterly period covered and a second column for the entire duration of the receivership;

D. A description of all known Receivership Property, including approximate or actual valuations, anticipated or proposed dispositions, and reasons for retaining assets where no disposition is intended;

E. A description of liquidated and unliquidated claims held by the Receivership Estate, including the need for forensic and/or investigatory resources; approximate valuations of claims; and anticipated or proposed methods of enforcing such claims (including likelihood of

  success in: (i) reducing the claims to judgment; and, (ii) collecting such judgments);

F. A list of known creditors with their addresses and the amounts of their claims;

G. The status of Creditor Claims Proceedings, after such proceedings have been commenced; and,

  The Receiver's recommendations for a continuation or discontinuation of the receivership and the reasons for the recommendations.

## XII. FEES, EXPENSES AND ACCOUNTINGS

44. Subject to Paragraphs 45-50 immediately below, the Receiver need not obtain Court approval prior to the disbursement of Receivership Funds for receivership expenses, as well as any expenses incurred in the ordinary course of the administration and operation of the receivership. Further, prior Court approval is not required for payments of applicable federal, state or local taxes.

45. Subject to Paragraph 46 immediately below, the Receiver is authorized to solicit persons and entities not part of The Skutch Arlow Group ("Retained Personnel") to assist him in carrying out the duties and responsibilities described in this Order. The Receiver is authorized to retain Goranson, Parker & Bella Co, LPA as legal counsel in this matter without first obtaining an Order of the Court. The Receiver shall not engage any other Retained Personnel without first obtaining an Order of the Court authorizing such engagement.

46. The Receiver and Retained Personnel are entitled to reasonable compensation and expense reimbursement from the Receivership Estate agreed to by the Receiver. Such compensation shall require the prior approval of the Court. The Receiver will charge $300 per hour for its professionals and $100 per hour for administrative assistance from the Receiver's staff.

47. Within forty-five (45) days after the end of each calendar quarter, the Receiver and Retained Personnel shall apply to the Court for compensation and expense reimbursement from the Receivership Estates (the "Quarterly Fee Applications"). The Receiver will serve upon counsel of record a complete copy of the proposed Application, together with all exhibits and relevant billing information.

48. All Quarterly Fee Applications will be reviewed by the parties of record and by the Court. Any objections to same shall be filed as required by the Federal Rules of Civil Procedure and any applicable Local Rules of Practice of the Northern District of Ohio, Western Division. The Court shall rule on any objections in the ordinary course. If there are no timely objections, the Court will review each application and issue Orders regarding same.

49. All fees and costs requested shall be subject to the Court's review and to the discretion of the Court.

50. Each Quarterly Fee Application shall:

      A.    Comply with the terms of the Billing Instructions agreed to by the Receiver; and,

      B.    Contain representations (in addition to the Certification required by the Billing Instructions) that: (i) the fees and expenses included therein were incurred in the best interests of the Receivership Estate; and, (ii) with the exception of the Billing Instructions, the Receiver has not entered into any agreement, written or oral, express or implied, with any person or entity concerning the amount of compensation paid or to be paid from the Receivership Estate, or any sharing thereof.

51.    At the close of the Receivership, the Receiver shall submit a Final Accounting, as well as the Receiver's final application for compensation and expense reimbursement.

52.    The terms of this Order shall continue in full force and effect until further Order of this Court. The Receiver is hereby authorized, without further Order of the Court, to take any and all actions and perform any and all things relating to the operation of the receivership entities as permitted by law so long as same is not in conflict with this Court's orders.

**IT IS SO ORDERED.**