# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| FIREXO INC., | Case No. 3:21-cv-02336 |
| Plaintiff, | Hon. Jack Zouhary |
| v. | |
| FIREXO GROUP LIMITED, *et al.*, | |
| Defendants. | |

## MEMORANDUM IN OPPOSITION TO PLAINTIFF FIREXO, INC.'S PROPOSED ORDER APPOINTING RECEIVER

On January 16, 2026, Firexo Inc. ("Plaintiff") proposed that The Skutch Arlow Group, LLC ("Proposed Receiver") serve as receiver in this action. In addition, Plaintiff is requesting that this Court approve an order which would grant the Proposed Receiver expansive authority over all aspects of Firexo Corp. ("Corp.") and its assets.

In its December 3, 2025 Order Joining Defendant, this Court found that, "By contrast, a narrowly drawn receivership places Corp's assets under the control of a neutral officer of the Court, minimizes the risk of further dissipation, and allows an orderly, transparent process. Any injury to Corp or other stakeholders from the appointment of a receiver is mitigated by the limited scope of the receivership and is outweighed by the concrete risk that Firexo's judgment will otherwise go unsatisfied." (Doc. 73, PageID # 1921). Further, the Court reiterated the limited nature of the receivership by noting in its Order Denying Stay that "[t]he limited receivership is designed to preserve, not destroy, Corp.'s assets." (Doc. 85, PageID # 2060). In the same order, the Court addressed the

issue of public harm by finding that "this Court has already tailored the receivership to minimize disruption while preventing further asset shifting." (*Id*. at PageID # 2061). It is readily apparent from the most cursory review of the proposed order that it is not narrowly tailored and it is intended to permit the Proposed Receiver to liquidate all assets of Corp.

Further, the Proposed Receiver's experience is limited to local, domestic companies that are winding down or closing. (Doc. 88-2, PageID # 2093). As further discussed below, the Proposed Receiver would not be suitable to address the inevitable issues involving the application of international law given the fact that there are no assets in the United States.

**Proposed Order is Overbroad**

As discussed below, several provisions of the proposed order are overbroad and will not only disrupt Corp.'s business but will result in its liquidation.

Paragraph 3 freezes all assets of Corp. If this provision is implemented, Corp. will no longer be able to engage in business activities. This is not speculative. Any company that cannot access its funds to pay suppliers, employees, lenders, or any liability cannot exist as a business. This section explicitly states that it applies to funds on deposit with financial institutions.

Paragraph 4 states that the Receiver has the same powers as officers and directors of the Receivership Defendant. Paragraph 5 of this section divests all authority from "the trustees, directors, officers, managers, employees, investment advisors, accountants, attorneys and other agents of the Receiver Defendant." Paragraph 6 takes it a step further and states that no person claiming any position with the Receivership Defendant "shall possess any authority to act by or on behalf of the Receivership Defendant." These

provisions would prevent Corp from engaging in any business activity. Essentially, no Corp. employee or agent would have any authority to continue working.

In its Order Denying Stay, this Court was critical of Corp. for failing to "identify any specific directive that would freeze accounts, prevent payroll, or terminate customer relationships and instead relies on predictions about what "could" occur if counterparties reacted negatively to the existence of a receivership." (Doc. 85, PageID # 2060). That may be true. However, the above proposed powers would absolutely freeze accounts, prevent payroll, terminate customer relationships, and much more. The effects of an appointment of a receiver are no longer speculative.

Paragraph 8 requires that officers, directors, agents, accountants, and employees of the entity Receivership Defendant turn over all paper and electronic information to the Receiver that relates to the Receivership Defendant. Not only would this task be logistically impossible, it would also be tremendously expensive and would be clearly outside the Court's direction that the scope of the powers of the Receiver be limited. Likewise paragraphs 9 and 10 impose requirements that cannot be timely met and go well beyond the ascertainment of assets. In fact, paragraph 10 requires documentation of any expenditures of over $1,000 for over a year, documentation of all assets, and full access to accounting software to the Receiver and Plaintiff. Paragraph 11 orders that all "past and/or present officers, directors, agents, attorneys, managers, shareholders, employees, accountants, debtors, creditors, managers and general and limited partners, and other appropriate persons or entities shall answer under oath to the Receiver all questions which the Receiver may put to them. . ." This is not only overbroad, but most likely illegal. Presumably, it would require the undersigned to, under oath, answer all questions from the receiver or risk contempt of court.

The granting of broad powers to the Receiver continues in paragraph 13. Again, the Receiver has authority to take possession of all assets, bank accounts, or other financial accounts. Paragraph 15 allows the Receiver to contact the financial institutions of Receivership Defendant, and its subsidiaries and instruct them to freeze all assets. Again, if any of the above powers were exercised by a Receiver, Corp. would have to cease business operations.

Paragraph 16 authorizes the Receiver to take immediate possession of all personal property of Receivership Defendant and its subsidiaries, including, but not limited to computers and laptops. Subsidiaries are separate legal entities that are not part of this litigation. Any order requiring action by a domestic or foreign subsidiary to comply with demands of the Receiver are improper.

Paragraph 17 is also puzzling in its scope. Apparently, this order authorizes a Receiver to restrict anyone, other than police, from entering real property of the Receivership Defendant. Fortunately, there will be no need for the Receiver to request the service of United States Marshall Service as Corp. has no assets in the United States.

Paragraph 29 allows the Receiver, without further order of the Court, to dispose of Receivership Property. Paragraph 32 authorizes the Receiver to take all actions to manage, maintain, and/or **wind-down** business operations (emphasis added).

Remarkably, given the unfettered power granted to the Receiver, the proposed order requests that no bond be posted. (paragraph 36). This is absurd.  Through the above powers, the Receiver will destroy Corp.'s business. If Corp. prevails on the appeal by establishing that it received no assets from Firexo Group Limited, it will have no business to continue. A bond should be required to hold the Receiver accountable for any abuses of its power.

4

Lastly, the proposed order permits the Receiver to disburse Receivership Funds for expenses and get paid through the Receivership Estate. (paragraphs 44, 46). Plaintiff's gamesmanship has been impressive. Plaintiff obtained a default judgment against Firexo Group Limited. Plaintiff knew that any recovery would be limited given that Firexo Group Limited was in voluntary liquidation. Plaintiff now, not only has judgment against Corp. for the full amount of the judgment, but also isn't required to engage in normal collection efforts. Instead, they have proposed a receivership order which would allow the Receiver to seize all assets without regard to the business, wind it down, and pay itself out of Receivership assets. If this proposed order is signed, even if Corp. was to prevail on appeal, its business would cease.

This proposed order may simply be a boilerplate order located by Plaintiff. In any event, the terms of the proposed order are contrary to the express order of this Court that any receivership be limited in scope. This Court has already issued an interim order which prevents Corp. from disposing of any assets outside the course of ordinary business. Corp. has abided by that order and intends to continue to do so.

**Proposed Receiver Does Not Have Adequate Experience**

Without a doubt, Mr. Steven Skutch has extensive experience as a receiver in the United States. There is no indication, however, that Mr. Skutch has experience with companies that possess assets internationally. In the present case, Corp. has no assets in the United States. Navigating the laws in Europe and elsewhere require expertise and experience that Mr. Skutch does not possess. This lack of experience could have significant repercussions for Corp. if Mr. Skutch cannot navigate and comply with corporate, employment, and financial laws in Europe. Corp. would request that any receiver have this international experience.

Corp. would respectfully request that the proposed order and receiver be denied for the above reasons. Corp. would respectfully request that a hearing be scheduled to discuss the appropriate parameters of a receivership and the necessary experience and skills of a potential receiver.

Respectfully submitted,

/s/ James P. Silk, Jr.
James P. Silk, Jr. (0062463)
Sarah K. Skow (0081468)
Teresa L. Grigsby (0030401)
SPENGLER NATHANSON P.L.L.
900 Adams Street
Toledo, OH 43604
Telephone: (419) 241-2201
Facsimile: (419) 241-8599
jsilk@snlaw.com
sskow@snlaw.com
tgrigsby@snlaw.com
*Counsel for Defendant Firexo Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been electronically filed this 27th day of January, 2026. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

/s/ James P. Silk, Jr.
James P. Silk, Jr.
*Counsel for Defendant Firexo Corporation*

788631