IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| FIREXO INC., <br><br> Plaintiff, <br><br> v. <br><br> FIREXO GROUP LIMITED AND FIREXO CORPORATION, <br><br> Defendants. | Case № 3:21-CV-02336 <br><br> Judge Jack Zouhary |

**FIREXO INC.'S REPLY IN SUPPORT
OF THE PROPOSED ORDER OF RECEIVERSHIP (Doc. 88-1)**

## I.    INTRODUCTION

1.    This Court has already granted a temporary, limited receivership over Defendant Firexo Corporation ("Corp") in principle. The only issue remaining is whether the language of the proposed order properly implements that ruling. It does. Corp's Opposition is an attempt to relitigate the scope of receivership through objections to standard receivership provisions—arguments this Court has already considered and rejected.

2.    Under Federal Rule of Civil Procedure 66 and this Court's inherent equitable authority, a receivership order must be sufficiently robust to preserve

8300697.1

*Firexo, Inc. v. Firexo Grp. Ltd. et al.*                           Case № 3:22-CV-2336

assets, prevent further dissipation, and allow a neutral officer of the Court to carry out the Court's mandate. *Liberte Capital Grp., LLC v. Capwill*, 462 F.3d 543, 551 (6th Cir. 2006). The proposed order does exactly that.

## II.    BACKGROUND

3.    Firexo, Inc. ("Firexo") holds a final judgment of $4,153,042.00 against Firexo Group Limited ("FGL") based on findings of fraud, fraudulent inducement, and conscious disregard for safety. (Doc. 51, PageID #1253). After Firexo filed suit, Defendants executed a post-suit restructuring that transferred the Firexo business, intellectual property, and ownership interests into Corp while rendering FGL "effectively dormant" and later placing it into U.K. liquidation (Doc. 73, PageID #1906–07).

4.    Based on this record, the Court joined Corp as FGL's successor and expressly found that a limited receivership is necessary to preserve assets and prevent further dissipation. (Doc. 73, PageID #1921–22). The Court reaffirmed that conclusion in denying Corp's request for a stay, emphasizing that "[t]he limited receivership is designed to preserve, not destroy, Corp's assets." (Doc. 85, PageID #2060).

*Firexo, Inc. v. Firexo Grp. Ltd. et al.*                                                  Case № 3:22-CV-2336

**III.      CORP'S OBJECTIONS TO SPECIFIC PROVISIONS OF THE PROPOSED ORDER FAIL**

5.     Corp challenges discrete provisions of the proposed order. (Doc. 91). Each objection is meritless when evaluated against the Court's rulings and governing law.

**1.     Control of Bank Accounts and Financial Assets (Doc. 91, PageID #2099–2100; Proposed Order ¶¶ 3–4, 13, 15)**

6.     Corp asserts that granting the receiver authority over bank accounts and financial assets will freeze payroll and halt operations. Control over financial accounts is a core receivership function and is necessary to prevent concealment or dissipation of assets. *Liberte Capital*, 462 F.3d at 551–52. Nothing in the proposed order mandates liquidation or prohibits ordinary-course payments; it simply ensures transparency and prevents unilateral asset transfers. *See Digital Media Sols., LLC v. S. Univ. of Ohio, LLC*, 59 F.4th 772, 780–81 (6th Cir. 2003) (discussing receivership court's power).

**2.     Authority Superseding Officers and Directors (Doc. 91, PageID #2099; Proposed Order ¶¶ 4–6)**

7.     Corp argues that vesting authority in the receiver improperly strips management of all power. This misstates the law. A receiver's authority supersedes management only to the extent necessary to carry out the Court's orders and preserve assets. *Id.* Courts have approved such provisions where insiders have engaged in

conduct giving rise to the need for receivership. As Sixth Circuit noted: An equity receiver stands "in the shoes of the corporate debtor, taking possession of all its property and becoming its manager." *Digital Media Sols.*, 59 F.4th at 779; *cf. Wuliger v. Mfrs. Life Ins. Co.*, 567 F.3d 787, 798–99 (6th Cir. 2009); *Javitch v. First Union Secs., Inc.*, 315 F.3d 619, 625–28 (6th Cir. 2003).

8. Here, Corp was joined precisely because insiders orchestrated a restructuring that rendered the judgment debtor insolvent. Allowing those same insiders to retain unfettered control would undermine the proposed receivership.

### 3. Document Production and Cooperation Requirements (Doc. 91, PageID #2100–2101; Proposed Order ¶¶ 8–11)

9. Corp characterizes the document-production and cooperation provisions as "burdensome" and "improper." These provisions are standard and essential. A receiver cannot fulfill its duties without access to records, accounting systems, and sworn information. *Cf. Pension Benefit Guar. Corp. v. Evans Tempcon, Inc.*, 630 F. App'x 410, 414–15 (6th Cir. 2015).

10. Corp's prior opacity—including the post-suit transfer of assets—is precisely why robust disclosure obligations are required here. Compliance with court-ordered transparency is not an undue burden; it is the baseline expectation in equity.

*Firexo, Inc. v. Firexo Grp. Ltd. et al.*  Case № 3:22-CV-2336

### 4. Alleged Authority to Liquidate or Wind Down
### (Doc. 91, PageID #2101–2102; Proposed Order ¶¶ 29, 32)

11. Corp contends that provisions allowing the receiver to manage or wind down operations authorize liquidation. That reading ignores both the text of the order and this Court's rulings. The proposed order does not mandate liquidation and preserves Court oversight over any material disposition of assets.

12. As the Court has already made clear, "[t]he limited receivership is designed to preserve, not destroy, Corp's assets." (Doc. 85, PageID #2060). Corp's argument simply repackages hypotheticals the Court has already considered and rejected.

### 5. Bond Requirement
### (Doc. 91, PageID #2101; Proposed Order ¶ 36)

13. Corp argues that the receiver must post a bond. Bond requirements are discretionary, not mandatory, and Corp cites no authority to the contrary. Moreover, Corp declined to post a supersedeas bond that would have stayed execution as of right. *Arban v. West Publ'g Corp.*, 345 F.3d 390, 409 (6th Cir. 2003). Equity does not require asymmetric protection for a judgment debtor that refused to secure the judgment.

## IV.     THE PROPOSED RECEIVER IS QUALIFIED AND CAPABLE

14.    Corp's remaining objections regarding the receiver's experience are beside the point. The receiver is a neutral fiduciary acting under Court supervision. *Liberte Capital*, 462 F.3d at 551. Federal receivers routinely address assets and proceedings across jurisdictions, employing local counsel as needed. Nothing in Rule 66 or Sixth Circuit precedent requires specialized international credentials.

## V.     THE EQUITIES AND PUBLIC INTEREST SUPPORT ENTRY OF THE ORDER

15.    Firexo holds a final fraud judgment. FGL is insolvent. Corp has neither satisfied the judgment nor posted security. The managing directors of Corp are the same as those who directed the fraudulent operations of FGL. Those same directors, both of whom are outside the U.S., have also made clear in recent communications that active efforts are underway to sell the business, including all of Corp's assets. Absent an effective receivership order, Firexo faces irreparable harm.

16.    The public interest favors enforcement of federal judgments and preventing corporate restructuring from becoming a tool for evasion. *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 466–69 (6th Cir. 2009).

*Firexo, Inc. v. Firexo Grp. Ltd. et al.*                      Case № 3:22-CV-2336

## VI.     CONCLUSION

17. Because the proposed order faithfully implements the limited receivership this Court has already granted, and because Corp's objections target standard and necessary receivership provisions, Firexo respectfully requests that the Court overrule the Opposition and enter the Proposed Order Appointing Receiver.

                                       Respectfully submitted,

                                       */S/ Adam S. Nightingale*
                                       Paul Belazis (0030356)
                                       Malone, Ault & Farrell
                                       7654 W. Bancroft Street
                                       Toledo, Ohio 43617
                                       (419) 843–1333 tel
                                       (419) 843–3888 fax
                                       belazis@maf-law.com

                                       Adam S. Nightingale (0079095)
                                       Eastman & Smith Ltd.
                                       One SeaGate, 27th Floor
                                       P.O. Box 10032
                                       Toledo, Ohio 43699–0032
                                       (419) 241–6000 tel
                                       (419) 247–1777 fax
                                       asnightingale@eastmansmith.com

                                       *Counsel for Firexo, Inc.*

*Firexo, Inc. v. Firexo Grp. Ltd. et al.*      Case № 3:22-CV-2336

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was filed electronically with the Court on February 2, 2026. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system. Additionally, this reply was served on unrepresented defendant Firexo Group Limited via electronic mail at [Harry.Sanders@mha.co.uk](mailto:Harry.Sanders@mha.co.uk).

                                                                    */S/ Adam S. Nightingale*
                                                                    *An Attorney for Firexo, Inc.*